## DAVIS *v.* THE STATE.

No. 13807. SEPTEMBER 9, 1941.

*John Camp Davis,* for plaintiff in error.
*Henderson L. Lanham, solicitor-general,* and *Alec Harris,* contra.

GRICE, Justice. Although the precise inquiry here involved has not heretofore been before either of our two courts of review, each has dealt with questions somewhat similar, and the conclusions reached were in harmony with the view that under the facts stated the trial court did not lose jurisdiction. See *Short* v. *Dowling,* 138 *Ga.* 834 (76 S. E. 359) ; *Hancock* v. *Rogers,* 140 *Ga.* 688 (79 S. E. 558) ; *Scoggins* v. *State,* 24 *Ga. App.* 110 (100 S. E. 18) ; *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175), where Mr. Justice Fish, afterwards Chief Justice, examined and discussed with that clarity, strength, and thoroughness so characteristic of his judicial utterances the question of the lack of power in a judge to suspend a sentence, and the correlative right of a judge thereafter to order that the original sentence be served. On the question whether under the circumstances stated by the Court of Appeals jurisdiction to pass sentence is lost, there has been great diversity of opinion in other jurisdictions. This lack of harmony may be seen by reference to the annotations in 3 A. L. R. 999, 1003 et seq., to the cases of Smith v. State, 188 Ind. 64 (121 N. E. 829), and McLaughlin v. State, 207 Ind. 484 (192 N. E. 753, 97 A. L. R. 800, 802) ; and the notes in 24 C. J. S. 27, § 1564. In Miller v. Aderhold, 288 U. S. 206 (53 Sup. Ct. 325, 77 L. ed. 702), the Supreme Court of the United States aligned itself with those courts that hold that jurisdiction is not lost, its ruling being that where judgment has not been pronounced upon a verdict during the term at which it was rendered, the cause continues on the docket and necessarily passes over to a succeeding term for final judgment or other appropriate action. After stating the argument on which the contrary contention rested, Mr. Justice Sutherland, in delivering the opinion of a unanimous bench, said : "We conclude, in accordance with what we regard as the better view, that in a criminal case, where verdict has been duly returned, the jurisdiction of the trial court, under circumstances such as are here disclosed, is not exhausted until sentence is pronounced either at the same or at a succeeding term." The editors of American Jurisprudence state the rule to be "well settled that if, through inadvertence or oversight on the part of the court, sentence is not pronounced during the term at which the case is tried, or if the clerk neglects to enter a sentence duly pronounced, the court may impose sentence at a subsequent term." 15 Am. Jur. § 487. No

650

sound reason occurs to us why the prevailing rule should not be adopted. There are practical considerations why it should be. To apply it infringes no right of the accused. To deny it would be harmful to society. It is as much the duty of courts to guard the safety of the latter as to enforce the rights of the former. There should not be any conflict between the two; and in ruling as we do we are of the opinion that in recognizing the vitality of the maxim salus republicæ suprema lex we do not impair any privilege of the citizen. The question propounded is answered in the negative. *All the Justices concur.*