## 53980. SHERMAN v. THE STATE.

BANKE, Judge.

The appellant appeals from her conviction and sentence for use of abusive and obscene language. The

enumerations of error going to the sufficiency of the evidence and the allegedly improper presentencing discussions conducted by the trial judge cannot be considered due to the lack of a transcript or other record of these proceedings. See *Umstead v. State,* 131 Ga. App. 833 (207 SE2d 238) (1974). The enumerations of error going to the failure of the trial judge to have a court reporter present during the trial and the hearings on certain post-trial motions are not meritorious in the absence of any indication that one was requested. See *Umstead v. State,* supra. The contention that an earlier probated sentence was illegally modified cannot be considered since no such sentence was ever reduced to writing and therefore never had any legal effect. *Easterling v. State,* 11 Ga. App. 134 (1) (77 SE 899) (1912). Where a valid sentence is not passed at the term of court in which the conviction occurs, the court does not lose jurisdiction of the case and may pronounce sentence at a succeeding term. *Davis v. State,* 192 Ga. 648 (16 SE2d 428) (1941).

The defendant's contention that the sentence of the court was contrary to law is, however, well taken in one respect. The sentence appears to provide that the defendant shall serve twelve months on probation, provided that she serve 30 days in jail "as a condition precedent to the beginning of the above-stated probation." This would result in a total sentence of 13 months, whereas the maximum authorized for a misdemeanor is 12 months. Code Ann. § 27-2506 (Ga. L. 1865-6, p. 233, as amended). "However, a judgment of conviction will not be reversed and a new trial granted because of an error or irregularity in the manner of sentencing; the remedy is for the court to recall the defendant and sentence him as provided by law. *King v. State,* 103 Ga. App. 272 (3) (119 SE2d 77); *Heard v. Gill,* 204 Ga. 261 (49 SE2d 646); *Peppers v. Balkcom,* 218 Ga. 749 (2c) (130 SE2d 709)." *Fleming v. State,* 113 Ga. App. 113 (147 SE2d 480) (1966). See *Shaw v. State,* 121 Ga. App. 726 (1) (175 SE2d 150) (1970). The case is therefore remanded with direction that the defendant be resentenced in accordance with law.

*Judgment affirmed with direction. Quillian, P. J., and Shulman, J., concur.*

693

SUBMITTED JUNE 8, 1977 — DECIDED JUNE 29, 1977.

*Prentiss Ivory Davis,* for appellant.
*Kenneth E. Goolsby, District Attorney,* for appellee.