## A89A0493. THE STATE v. CLARK.
(382 SE2d 670)

SOGNIER, Judge.

The State appeals from the trial court's grant of Furman Clark's motion to withdraw his plea of guilty.

The record reveals that appellee entered a plea of guilty to voluntary manslaughter on November 10, 1986 and received a twenty-year sentence, which was subsequently vacated by this court in *Clark v. State*, 186 Ga. App. 106 (366 SE2d 361) (1988). After remand and prior to resentencing appellee moved to withdraw his plea, and the

trial court granted his motion.

Appellee has filed a motion to dismiss the instant appeal on the ground that the order entered below was not the type of ruling from which the State is authorized to appeal. The State may appeal from orders or judgments (1) setting aside or dismissing accusations or indictments; (2) arresting judgment of conviction upon legal grounds; (3) sustaining pleas or motions in bar when the defendant has not been put in jeopardy; and (4) sustaining a motion to suppress evidence illegally seized. OCGA § 5-7-1. "This statute must be strictly construed against the state in allowing appeals. [Cit.]" *State v. Gribble*, 169 Ga. App. 446 (313 SE2d 720) (1984). We agree with appellee that the order appealed from in the case at bar does not fall within any of these categories. The motion filed by appellee "could not be construed as a motion in arrest of judgment, as it did not relate to a nonamendable defect appearing on the face of the record," *State v. Asinoff*, 173 Ga. App. 573 (327 SE2d 237) (1985), nor was it a plea in bar of trial. Compare *State v. Benton*, 246 Ga. 132 (269 SE2d 470) (1980). The State cites *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978) as authority for its contention that the order below was void and thus appealable by the State. This argument is without merit, as a trial court is authorized to allow a defendant to withdraw a guilty plea prior to resentencing. *Mullins v. State*, 134 Ga. App. 243-244 (2) (214 SE2d 1) (1975). Further, we decline to adopt the State's argument that the analysis employed in cases such as *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), in which a direct appeal from the denial of a plea of double jeopardy was authorized in order to safeguard a defendant's Fifth Amendment rights, should be extended to broaden the State's right of appeal in criminal cases. See generally *Gribble*, supra. This court being without jurisdiction to entertain this appeal, appellee's motion to dismiss is granted.

*Appeal dismissed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 16, 1989 —
REHEARING DENIED MAY 30, 1989 —

Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, for appellant.

Jackson & Schiavone, G. Terry Jackson, Michael G. Schiavone, for appellee.