A99A2106. BALDWIN v. THE STATE.
(529 SE2d 201)

RUFFIN, Judge.

George Baldwin pled guilty to armed robbery. He appeals, contending that the trial court erred in conducting the guilty plea hearing and in denying his motion to withdraw the plea. For reasons discussed below, we affirm.

The indictment charged Baldwin with committing an armed robbery on September 17, 1998. At the time, Baldwin was on probation for another offense. On December 30, 1998, the trial court held a probation revocation hearing. After hearing evidence regarding the armed robbery, the court revoked the balance of Baldwin's probation, approximately 13 years.

---

A jury trial on the armed robbery charge was scheduled for January 13, 1999. After the jury was impaneled, Baldwin entered a plea of guilty. The court then orally announced sentence as follows:

> I have already revoked thirteen years, one month and six days in the prison system. The sentence of the Court is that you serve six months — six years, ten months and twenty-four days consecutive to the probation revocation, which will give you a twenty year sentence to serve. In addition to that the Court would sentence you to five years probation, which would be also consecutive to the twenty year sentence. And a condition of that probation is that you not come back into Gordon County or Bartow County. So you understand that the basis of this sentence it is a twenty-five year sentence, twenty years inside, with five years on probation. And a condition of your probation, of course, is that you not come back into this county. And a further condition of this probation is that you would have no contact, whatsoever, with . . . the victim in this matter.

On the same day, the court entered a written sentence, stating that Baldwin was sentenced to "11 years, 10 months, 24 days [in confinement]. . . . This is consecutive to his probation revocation hearing which consists of 13 years, 1 month, 6 days revoked." The written sentence provided that "[u]pon service of 6 years, 10 months, 24 days consecutive to revocation," the remaining five years of the sentence could be served on probation.

After the trial court entered its written sentence, the attorney general's office informed the court that it considered the written sentence void because it did not require Baldwin to serve at least ten years in prison as required by OCGA § 17-10-6.1 (b).[1] Apparently, the attorney general's office interpreted the written sentence as imposing a prison term of six years, ten months, and twenty-four days, to begin running after the conclusion of Baldwin's thirteen-year, one-month, and six-day probation revocation sentence, instead of interpreting the sentence to impose a twenty-year prison term running concurrently with the probation revocation sentence. Therefore, the attorney general's office advised the Department of Corrections not to take Baldwin into its custody.

On May 12, 1999, the trial court held a hearing on Baldwin's motion to withdraw his guilty plea and the State's motion to resen-

---

[1] See *Bryant v. State*, 229 Ga. App. 534, 536 (1) (494 SE2d 353) (1997) (sentence void if it violates OCGA § 17-10-6.1 (b)).

tence.[2] Baldwin presented no evidence in support of his motion to withdraw his guilty plea, and the trial court denied the motion. With respect to the sentencing issue, the court stated that

> [t]here's no question in my mind that everybody in the courtroom understood just exactly what the sentence was going to be. As a matter of fact, I remember asking Mr. Baldwin did he understand that it was a twenty year sentence. . . . I don't agree with the attorney general's office. . . . There was no question in anybody's mind as to what the sentence was. And the idea that six years consecutive to a fourteen year probation revocation is not a twenty year sentence astounds me.

The court stated that it was going to resentence Baldwin to "a twenty year straight sentence," to run concurrently with his probation revocation, with no additional probation. After the hearing, the trial court entered a written sentence providing that Baldwin was to serve 20 years in prison, to run concurrently with the probation revocation.

On appeal, Baldwin does not challenge the terms or validity of the amended sentence. Instead, he contends that the trial court committed errors in the initial guilty plea hearing and that he had an absolute right to withdraw his guilty plea.

Baldwin's guilty plea was accepted and sentence originally entered on January 13, 1999. He did not file a direct appeal within 30 days of his conviction and did not move to withdraw the guilty plea until May 12, 1999, after the term of court had expired.[3] It is well established that, after the expiration of the term of court in which a guilty plea is entered and of the time for filing an appeal from the conviction, the only remedy available to a defendant for withdrawing the guilty plea is through habeas corpus proceedings.[4] In *Jarrett v. State*, we held that this rule applies even if the original sentence is held to be void.[5] In such a case, we held that "the trial court is only authorized . . . to impose new and valid sentences," and not to allow the defendant to withdraw his plea.[6] In so holding, we relied upon *Sherman v. State*,[7] which held that "a judgment of conviction will not

---

[2] No written motions had been filed by Baldwin or the State, although they had apparently advised the trial court of their intentions.

[3] See OCGA § 15-6-3 (9) (B).

[4] *Lewis v. State*, 229 Ga. App. 827, 829 (1) (494 SE2d 678) (1997); *Foskey v. State*, 232 Ga. App. 303 (501 SE2d 856) (1998); *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995).

[5] Id.; see also *Lewis v. State*, supra ("even a void sentence is subject to the same jurisdictional restraints").

[6] *Jarrett*, supra.

[7] 142 Ga. App. 691 (237 SE2d 5) (1977).

be reversed and a new trial granted because of an error or irregularity in the manner of sentencing; the remedy is for the court to recall the defendant and sentence him as provided by law."[8]

Because Baldwin failed to file a direct appeal or seek to withdraw his guilty plea until after the expiration of the term of court in which his plea was accepted, his challenge to the trial court's acceptance of the plea and refusal to allow withdrawal of the plea must be raised through habeas corpus proceedings.[9]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 2, 2000.

*Ledbetter, Little & Smith, Jesse L. Vaughn*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.

---

[8] (Punctuation omitted.) Id. at 692.
[9] See *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996).