A99A1800. BRASUELL v. THE STATE.
(531 SE2d 732)

PHIPPS, Judge.

John D. Brasuell appeals the trial court's denial of motions to withdraw his guilty plea and vacate the plea and sentence. We find that when Brasuell filed his motions, his only avenue to challenge the validity of his guilty plea was through habeas corpus proceedings. Therefore, we affirm the court's denial of his motions.

On October 9, 1995, Brasuell pled guilty to nine counts from one indictment and two accusations. He had been indicted for three counts of child molestation, three counts of cruelty to children and three counts of surveillance which invades the privacy of another. One accusation charged him with two counts of harassing phone calls, and the other charged him with four counts of deposit account fraud. Brasuell pled guilty to two counts of child molestation, one count of cruelty to children, one count of surveillance which invades the privacy of another, one count of harassing phone calls and all four counts of deposit account fraud. The remaining charges were nolle prossed.

Brasuell subsequently initiated habeas corpus proceedings in the superior court of the jurisdiction where he was incarcerated. That court determined Brasuell's sentences were null and void and unauthorized by law. First, the court found that Brasuell had been given five-year sentences for each of his deposit account fraud convictions, which were misdemeanors. Second, the court found that several of Brasuell's sentences had been made concurrent with that for a charge which had been nolle prossed. Third, the court found that the cruelty to children charge to which Brasuell pled should have merged with one of the child molestation counts to which he also pled guilty. The court also found that Brasuell's trial counsel had rendered ineffective assistance by failing to advise Brasuell that two of his convictions should have merged and that he was being sentenced above the

legal maximum for his deposit account fraud convictions.

The court set aside Brasuell's sentence for cruelty to children, ordered that the Department of Corrections strike the conviction and sentence from Brasuell's records and remanded the case to the trial court for resentencing to correct the noted errors. The habeas court expressly denied any further relief to Brasuell.

On remand, the trial court resentenced Brasuell, correcting the errors noted by the habeas court and vacating Brasuell's conviction for cruelty to children. While the resentencing was pending, Brasuell filed in the trial court a motion to withdraw his guilty plea and a motion to vacate his plea and sentence. Both were based on ineffective assistance of counsel. The motions were denied, and Brasuell asserts in this appeal that the habeas court's finding that he had received ineffective assistance of counsel undermines the validity of his plea.

Brasuell's enumeration is controlled adversely to him by *Jarrett v. State*.[1] There, we held that where sentences are void:

> the trial court is only authorized . . . to impose new and valid sentences. [Cits.] . . . [I]t is well-established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings. [Cits.][2]

The term of court for the trial court (Gilmer County Superior Court) commences on the second Monday in April and second Monday in October of each year.[3] A notice of appeal must be filed from a criminal conviction within 30 days of the entry of judgment.[4] Brasuell pled guilty on October 9, 1995. He filed the motion to withdraw the guilty plea on November 13, 1996; he filed his motion to vacate the plea and sentence on June 4, 1997. Both motions were filed well outside the prescribed periods. Therefore, habeas corpus proceedings provided the proper avenues for Brasuell to challenge the validity of his guilty pleas. To the extent Brasuell was dissatisfied with the relief afforded by the habeas court, an appeal was possible from that proceeding.[5]

The trial court did not err in denying Brasuell's motions to withdraw his guilty plea and vacate his plea and sentence.

---

[1] 217 Ga. App. 627 (458 SE2d 414) (1995).
[2] (Emphasis in original.) Id. at 628.
[3] OCGA § 15-6-3 (2.1) (B).
[4] See OCGA § 5-6-38 (a).
[5] See OCGA § 9-14-52.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 2000 —
RECONSIDERATION DENIED MARCH 28, 2000.

*David M. Rosenberg,* for appellant.
*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney,* for appellee.