## A00A1198. SYMS v. THE STATE.
### (534 SE2d 502)

ELDRIDGE, Judge.

Leroy Syms filed this appeal from the Chatham County Superior Court's denial of his November 1999 motion to vacate an allegedly void sentence. The procedural history of Syms' underlying convictions can be found in *Syms v. State,* 240 Ga. App. 440 (523 SE2d 42) (1999). See also *Syms v. State,* 232 Ga. App. 724 (502 SE2d 741) (1998).

In this appeal, Syms contends that his prison sentence is void for numerous reasons. We agree in part. As an initial matter:

> in order for a trial court to have the power to exercise the subject matter jurisdiction to correct [a] judgment outside [a] term of court, the judgment must be, in fact, void. If the judgment is *not* void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed.

(Emphasis in original.) *Barber v. State,* 240 Ga. App. 156, 157 (1) (b) (522 SE2d 528) (1999). See also *Manry v. State,* 226 Ga. App. 445, 446 (487 SE2d 80) (1997).

In this case, following plea negotiations, during which Syms was represented by counsel, Syms pled guilty to an indictment which charged eight counts of forgery and eight counts of theft by receiving stolen checks. Syms also pled guilty to one count of theft by receiving stolen credit cards and one count of financial transaction (credit) card theft under OCGA § 16-9-31.

1. Following his guilty pleas, Syms was sentenced to concurrent terms of ten years, eight to serve, on the eight forgery counts and concurrent twelve-month terms on the eight counts of theft by receiving stolen checks. Such sentences are not void. When Syms pled guilty to an indictment which listed on its face 16 separate crimes, he admitted that he committed those specific crimes as charged against

him. *Manry v. State*, supra at 446, citing *United States v. Broce*, 488 U. S. 563 (109 SC 757, 102 LE2d 927) (1989). As such, he is estopped from claiming now that any combination of the crimes constituted, in fact or law, a single offense. *Manry v. State*, supra; see also OCGA §§ 16-1-6; 16-1-7. Under the circumstances, the sentences on the 16 forgery and theft by receiving stolen check counts are not subject to collateral attack. *Manry v. State*, supra.

Therefore, since the sentences were not void, the trial court lacked subject matter jurisdiction over Syms' motion to vacate such sentences. To the extent that the trial court's order denied Syms' motion to set aside the 16 theft and forgery sentences, such order was, itself, null and void. OCGA § 17-9-4; *Manry v. State*, supra at 447. We remand this case back to the trial court with direction to dismiss for lack of subject matter jurisdiction the portion of Syms' motion to set aside the 16 sentences for forgery and theft by receiving stolen checks.

2. Syms also challenged, however, his sentences of twelve months for theft by receiving stolen credit cards and three years for credit card theft, each sentence to run concurrently with the ten-year forgery sentences. According to the indictment, the two credit card theft counts involved the theft of the same credit cards. Under these facts, Syms could not be guilty *both* of theft by taking the credit cards *and* theft by receiving the same credit cards after they were stolen by someone else. *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992). Therefore, as a matter of law, the crimes are mutually exclusive, and Syms could not be sentenced on both crimes, even if he pled guilty to both. Id. Since such sentences were void ab initio, the trial court had both the jurisdiction and the obligation to grant Syms' motion to vacate the sentences. See *Manry v. State*, supra.

We reverse the trial court's order to the extent that it denied Syms' motion to vacate the two credit card theft sentences and remand the case with direction that the trial court vacate such sentences. In its discretion, the trial court may then resentence Syms on one — but not both — of the credit card theft charges. *Bryant v. State*, 229 Ga. App. 534, 536 (1) (494 SE2d 353) (1997).

3. Syms also claims that the order to pay restitution in the amount of $1,571.74 is void due to the trial court's failure to conduct a separate hearing or issue a written order. See *Cannon v. State*, 246 Ga. 754, 756 (3) (272 SE2d 709) (1980); *Westmoreland v. State*, 192 Ga. App. 173, 176 (384 SE2d 249) (1989). The record showed that Syms participated in a sentencing hearing during which evidence was presented regarding the amount of restitution owed; the transcript of such hearing is not a part of the record on appeal. A few weeks after sentencing, however, Syms apparently had "second thoughts" and petitioned the trial court for a modification of his sen-

tence. In denying the petition, the trial court expressly found that Syms:

> was fully advised of his rights and that he freely and voluntarily entered into the negotiated plea. Furthermore, a factual basis for the plea and the amount of restitution was before the court. Lastly, [Syms] signed a plea agreement which fully set out the sentence, the amount of restitution and the counts to which he was pleading guilty. He had the opportunity to reject the terms of the plea, but instead he embraced it.

Therefore, having acquiesced to the amount of restitution by agreeing to the terms of the negotiated plea, Syms cannot now challenge the validity of such terms. See *Westmoreland v. State*, supra at 177.

As the restitution order was not void, the trial court lacked jurisdiction to consider Syms' motion to vacate that portion of his sentence. See Division 1, supra. We vacate the trial court's order denying Syms' motion to vacate the restitution order and remand for entry of an order dismissing that portion of Syms' motion for lack of subject matter jurisdiction.

*Judgment reversed in part, vacated in part and remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 4, 2000 —
RECONSIDERATION DENIED MAY 16, 2000

Leroy Syms, *pro se.*
*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, Assistant District Attorney,* for appellee.