## A01A0647. FARIST v. THE STATE.
### (547 SE2d 618)

MIKELL, Judge.

Michael Edsel Farist appeals from the dismissal of his extraordinary motion for new trial, which was filed three years after he entered a guilty plea to seven counts of theft by taking. Because the superior court lacked jurisdiction to entertain the motion, we affirm.

The Superior Court of Gwinnett County accepted Farist's negotiated guilty plea on June 3, 1996. The court imposed an aggregate sentence of fifty years: six years in prison on Counts 1 and 2, to be served concurrently, ten years probation on Counts 3-6, and four years probation on Count 7, to be served consecutively. As a special condition of probation, Farist was ordered to pay $934,425.26 in restitution to the victim. Subsequently, the court became concerned about the amount of funds available for restitution. After a hearing on June 27, the court vacated Farist's sentence and ordered the state to conduct a presentence investigation. On December 10, 1996, the court resentenced Farist, increasing his sentence on Counts 1, 2, and 7 to ten years.

Farist subsequently applied for a writ of habeas corpus in the Superior Court of Butts County, challenging the trial court's authority to increase his sentence. During the hearing held on the application on May 15, 1998, defense counsel requested that the habeas court vacate the increased sentence and reimpose the original sentence. The court granted the requested relief. No appeal was taken from this proceeding. Instead, on September 15, 1999, Farist filed an extraordinary motion for new trial in the Gwinnett court, claiming that trial counsel and habeas counsel rendered ineffective assistance and that his sentence was void. The court dismissed the motion.

1. Enumerations one, two, and five challenge the trial court's dismissal of Farist's extraordinary motion for new trial without hearing evidence on various claims. There was no error. "One who has entered a plea of guilty cannot move for a new trial, as there was no trial." *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998). Moreover, to the extent that Farist's motion could be construed as seeking to with-

draw his guilty plea, the court lacked jurisdiction to consider it. It is well established that, after the expiration of the term of court in which a guilty plea is entered and of the time for filing an appeal from the conviction, the only remedy available to a defendant for withdrawing his guilty plea is through habeas corpus proceedings. *Jarrett v. State*, 217 Ga. App. 627, 629 (1) (458 SE2d 414) (1995).

2. Farist's third enumeration of error alleges that the statute of limitation barred Counts 1-4 of the accusation. "[A] knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown." *Sample v. State*, 232 Ga. App. 690, 693 (2) (503 SE2d 576) (1998). Such a waiver includes *all* defenses to the indictment. *Harper v. State*, 225 Ga. App. 510, 512 (2) (484 SE2d 307) (1997). This enumeration is meritless.

3. We construe Farist's fourth enumeration of error as attacking the validity of his sentence. Farist is correct that a superior court retains jurisdiction to correct a void sentence even after the expiration of the term of court in which the judgment of conviction is rendered. *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998); *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). If the sentence is void, the superior court is authorized to impose a valid sentence, although the court may not allow the defendant to withdraw his plea. *Baldwin v. State*, 242 Ga. App. 205, 207 (529 SE2d 201) (2000).

As Farist had already begun serving his sentence in December 1996, the trial court was not authorized to increase it. *Wright v. State*, 213 Ga. App. 626, 627 (445 SE2d 377) (1994). Accordingly, as the habeas court recognized, the sentence was void. Farist is now subject to his original sentence, and the punishment imposed therein falls within the range set out in OCGA § 16-8-12 (a) (1).

4. Farist's sixth enumeration of error claims habeas counsel rendered ineffective assistance. However, the Sixth Amendment right to counsel does not attach to habeas corpus proceedings. *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). In any event, to the extent that Farist was dissatisfied with the relief afforded by the habeas court, he could have appealed from that proceeding. OCGA § 9-14-52; *Brasuell v. State*, 243 Ga. App. 176, 177 (531 SE2d 732) (2000). Accordingly, this enumeration is meritless.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 28, 2001 —
RECONSIDERATION DENIED APRIL 20, 2001.

*David W. Griffeth, Richard L. Dickson*, for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney*, for appellee.