A04A0188. WOODSON v. THE STATE.
(600 SE2d 717)

MIKELL, Judge.

Lorenzo Woodson timely appeals pro se from an order denying his "Motion for Void Judgment Rule Nisi." In that motion he asked to withdraw pleas of guilty and nolo contendere entered in two felony cases in 1996 and also moved for "Void Judgment." We affirm.

1. In his motion, his brief, his reply brief, and in many of his unnumbered enumerations of error, Woodson argues that his pleas were not knowingly, voluntarily and legally made because of alleged errors at the plea hearing. He mentions, among other asserted shortcomings in the proceedings, the absence of his attorney, the lack of an explanation of the possible adverse consequences of an unsuccessful completion of first offender probation, and the lack of any explicit showing of a factual basis for the plea.[1] In addition to asserting procedural shortcomings, Woodson also argued in the trial court and here that he should be allowed to withdraw his pleas because the sentences imposed were void. They were illegal and void ab initio, according to the appellant, because they were impermissibly lenient. He complains that he was given a probated sentence for rape in violation of the mandatory sentencing required for one of the "seven deadly sins" and that he was allowed to plead nolo contendere to rape when that privilege is not permitted for a "capital" felony.

Regardless of the possible merits or demerits of Woodson's arguments, it is well settled in Georgia that "when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea [or a nolo contendere plea] the trial court lacks jurisdiction to allow the withdrawal of the plea."[2] Because it could not grant the motion, the trial court properly denied it.

2. Woodson's argument that the judgment was void, that the sentences were illegal, and that the case should be sent "back to the lower court to recognize their record and sentence sheet" is interesting but unavailing. In 1996 Woodson was indicted for aggravated assault and rape. The indictment asserted that he had hit the victim "about the body" with a piece of wood and then forcibly had sex with her against her will. On April 25, 1996, Woodson pleaded guilty to the aggravated assault and nolo contendere to the rape. He was sentenced under the First Offender Act to ten years on probation on each charge with the sentences to be served concurrently.

Woodson correctly argues that he should not have been allowed to plead nolo contendere to the offense of rape. The applicable statute, OCGA § 17-7-95 (a) states as follows: "The defendant in all criminal cases *other than capital felonies* in any court of this state, whether the offense charged is a felony or a misdemeanor,

---

[1] We note in passing that the sentencing judge evidently was aware of a sufficient factual basis since he questioned the victim on the record at the hearing about possible restitution for her hospital bills. See Uniform Superior Court Rule 33.9. See generally *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995).

[2] *Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998), citing *Jarrett v. State*, 217 Ga. App. 627 (1) (458 SE2d 414) (1995). The "manifest injustice" test invoked by the appellant applies only between the time of sentencing and the expiration of the term of court.

may, with the consent and approval of the judge of the court, enter a plea of nolo contendere instead of a plea of guilty or not guilty."

Although rape is no longer punishable by death,[3] the offense remains a capital felony for the purpose of OCGA § 17-7-95 (a).[4] However, the acceptance of a nolo contendere plea under these circumstances is, at most, harmless error. A defendant will not be heard to complain on appeal that he was "accorded an unmerited privilege with beneficent results."[5] Moreover, because this was a negotiated plea, the error was at least partially induced by the appellant. Induced error cannot be the basis for reversal.[6]

3. Woodson also complains in an unnumbered enumeration of error that sentencing him under the First Offender Act was improper because he was not warned by the trial judge of the possible consequences, including resentencing to the maximum remaining term.[7] However, Woodson has not shown that he was harmed by this omission, if it occurred. Although his probation was repeatedly revoked, the record does not show that his first offender status was ever explicitly revoked,[8] nor that he was sentenced under OCGA § 42-8-60 (c) to a longer term than originally specified.

Woodson objects to the revocations of his probation and chronicles his hearings relating thereto. However, the revocations are not mentioned in his notice of appeal, which objects only to the denial of his motion challenging his sentences as allegedly void ab initio. His troubled odyssey while on probation is irrelevant to whether the sentences were void when they were imposed.

Additionally, Woodson's motion in the trial court attacked the validity of his pleas on both charges, aggravated assault and rape, but objected to only the rape sentence as void. At no time has he alleged that his sentence to ten years probated on the aggravated assault charge was void. Thus, his episodes of intensive probation, stays in a detention center, visits to the county jail and his present sojourn in the state penitentiary would all have occurred pursuant to his concurrent sentence for aggravated assault even if he had never been sentenced on the rape. It follows that his motion in the trial court was frivolous, and the present appeal is frivolous.

---

[3] See *Coker v. Georgia*, 433 U. S. 584, 592 (III) (97 SC 2861, 53 LE2d 982) (1977).

[4] *Fortson v. Hopper*, 242 Ga. 81, 82 (247 SE2d 875) (1978).

[5] Id. at 83. Accord *Cook v. State*, 242 Ga. 657, 658 (251 SE2d 230) (1978).

[6] *Fortson*, supra at 84, citing *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

[7] OCGA § 42-8-61; see *Roland v. Meadows*, 273 Ga. 857, 859 (548 SE2d 289) (2001).

[8] The order entered on May 8, 2002, is ambiguous. The court struck through the printed language which would have ordered that Woodson be "adjudged guilty of said offense for which he received First Offender probation."

4. Finally, Woodson contends that his sentence on the rape charge was void because he was sentenced to probation instead of confinement as required by the Sentence Reform Act of 1994.[9] Woodson was sentenced on April 25, 1996. Because of this court's decision in *State v. Allmond*,[10] it was possible to probate a sentence for a serious violent felony by sentencing under the First Offender Act, until amendments to the Sentence Reform Act became effective on March 27, 1998.[11] Thus, Woodson's sentence was legal at the time it was imposed.[12]

Furthermore, the sentence was the product of negotiations between the state and the defense. The victim was present in court and was addressed by the judge at the sentencing. As the prosecutor asserted at the plea hearing: "The victim and the defendant have reconciled and they're — This has been recommended, as I said, by law enforcement and the victim, this recommendation." The experienced trial judge then imposed the sentence of ten years, probated, on each of the two counts, to run concurrently. Neither Woodson nor the state appealed.

An appeal by Woodson would have been unsuccessful, just as the present challenge to the sentence as being void is unsuccessful, because the sentence was legal under then existing law and for the reasons mentioned in Division 2 above. Most convicts would consider a probated sentence to be more lenient, and beneficent, than a sentence of confinement. Woodson's failure to recognize that "unmerited privilege,"[13] coupled with the inducement of his own error by negotiating the plea, renders his appeal wholly meritless.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 2, 2004.

Lorenzo Woodson, *pro se*.
Denise D. Fachini, *District Attorney*, Cheri L. Nichols, *Assistant District Attorney*, for appellee.

---

[9] Ga. L. 1994, p. 1959, § 11; OCGA § 17-10-6.1.
[10] 225 Ga. App. 509 (484 SE2d 306) (1997).
[11] Ga. L. 1998, p. 180, § 2; *Fleming v. State*, 271 Ga. 587 (523 SE2d 315) (1999).
[12] See *Camaron v. State*, 246 Ga. App. 80, 81 (1) (539 SE2d 577) (2000).
[13] *Fortson*, supra at 83; *Cook*, supra.