A05A0510. THOMAS v. THE STATE.
(612 SE2d 99)

MIKELL, Judge.

Johnny Lamont Thomas entered a negotiated plea to statutory rape.[1] He was sentenced to five years probation and ordered to pay a $1,000 fine and several other fees. Thomas also was required to register as a sex offender and to have no further contact with the victim. The state moved to vacate the sentence on the grounds that it was void. The trial court granted the state's motion, and Thomas appeals therefrom. We affirm.

Thomas entered his guilty plea on August 13, 2004. On August 25, 2004, the state moved to vacate the sentence on the ground that it was void, arguing that the applicable sentencing statute, OCGA § 16-6-3 (b), required that Thomas be sentenced to a minimum of ten years since he was more than 21 years old when the offense was committed. On the day of the hearing on the state's motion, Thomas filed a motion to correct sentence, requesting that the trial court change his sentence to ten years probation.

After hearing argument on both motions, the trial court vacated the sentence as void, the effect of which placed Thomas in the same posture that he occupied before entering his guilty plea. The trial court did not resentence Thomas at that hearing. On appeal, Thomas contends that the trial court erred by granting the state's motion and by denying his motion.

1. "A sentence is void if the court imposes punishment that the law does not allow." (Citation, punctuation and footnote omitted.) *Kinsey v. State*, 259 Ga. App. 653 (1) (578 SE2d 269) (2003). Pursuant to OCGA § 16-6-3 (b), "[a] person convicted of . . . statutory rape shall be punished by imprisonment for not less than one nor more than 20 years; provided, however, that if the person so convicted is 21 years of age or older, such person shall be punished by imprisonment for not less than ten nor more than 20 years." It is undisputed that Thomas is more than 21 years old. Therefore, the original sentence is void, and the trial court properly granted the state's motion to vacate.

2. Thomas argues that the trial court's denial of his motion to correct the sentence was erroneous. Relying on *Mullins v. State*, 134

---

[1] The record shows that the victim was 14 years old at the time the offense was committed.

Ga. App. 243 (214 SE2d 1) (1975), Thomas contends that the trial court should have changed his sentence from five to ten years on probation, which sentence would have comported with OCGA § 16-6-3 (b). In *Mullins*, we held that the trial court may resentence a defendant at any time if the original sentence was illegal and that the trial court erred by refusing to consider the defendant's motion to withdraw his guilty plea before resentencing him. Id. at 243 (1), 244 (3). *Mullins* does not support the proposition that the trial court was required to accept Thomas's suggestion for sentencing, and Thomas cites no other authority that supports his position.

"[A] trial court may resentence a defendant at any time if the sentence entered is void." (Punctuation, footnote and emphasis omitted.) *Wilson v. State*, 259 Ga. App. 627, 629 (4) (578 SE2d 260) (2003). Once the illegal sentence was vacated, the trial court was not required to sentence Thomas to ten years probation. Accordingly, Thomas's argument fails.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2005.

*Wayne L. Burnaine*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

