A05A0078. GREEN v. THE STATE.
(615 SE2d 818)

BARNES, Judge.

Following his arrest, Hector Green was indicted for two counts of trafficking in cocaine, three counts of violating the Georgia Controlled Substances Act (VGCSA), and four counts of using a communication facility to commit or facilitate a felony. On February 13, 2003, Green entered into a negotiated plea and agreed to plead guilty to all three counts of VGCSA with a probated sentence of fifteen years and 350 hours of community service on each count, four counts of using a communication facility to commit a felony with a probated sentence of four years and a fine of $750 on each count, and possession of cocaine with intent to distribute with a sentence of twelve years to

serve.[1] All of the sentences were concurrent.

On April 1, 2004, Green, pro se, filed a motion for an out-of-time appeal, which he twice amended, alleging respectively ineffective assistance of counsel and police and prosecutorial misconduct. On May 13, 2004, acting through counsel, Green filed a motion to "vacate void counts of conviction," and he subsequently withdrew his motion for an out-of-time appeal. Green filed this appeal from the Chatham County Superior Court's denial of his motion to vacate void counts of conviction. Green contends that the trial court erred in denying his motion to vacate the three counts of VGCSA and four counts of using a communication facility because the only difference between the counts in each crime was the date, which was not a material averment in the indictment, and "thus the [counts] are not simply offenses which are included in one another, but under the law of this State the same offense."

Generally, a sentencing court has the jurisdiction to modify a sentence "[w]ithin one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later." OCGA § 17-10-1 (f). A trial court's jurisdiction to modify a sentence extends beyond this statutory limitation only when the sentence is void. *Taylor v. State*, 261 Ga. App. 248, 249 (3) (582 SE2d 209) (2003).

> A sentence is void if the court imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). See also *Hartman v. State*, 266 Ga. 613 (5) (469 SE2d 163) (1996) (a concurrent sentence is void where a statute requires imposition of a consecutive sentence). When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification.

---

[1] One trafficking in cocaine count was reduced to possession of cocaine with intent to distribute and the other trafficking count merged as a matter of law.

*Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004).

Because Green's assertion does not raise a valid allegation that the sentence was void, the trial court was without jurisdiction to modify the sentence. See *Williams v. State*, 271 Ga. 686, 691 (2) (523 SE2d 857) (1999). Moreover, the trial court's "[r]ulings on pleadings asserting erroneous procedure or unfair treatment *are not subject to direct appeal* because they are not rulings on whether the sentence is void." (Citation and punctuation omitted; emphasis in original.) *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005).

Accordingly, Green was not entitled to a direct appeal of the trial court's denial of his motion to vacate void counts of sentence, and, consequently, his appeal is dismissed.

*Appeal dismissed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 15, 2005 — 

*Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.