## A06A1767. KAISER v. THE STATE.
(646 SE2d 84)

ADAMS, Judge.

Alan B. Kaiser appeals from the trial court's order denying his motion to withdraw his guilty plea as to five counts of a multicount indictment against him. Because we find that Kaiser had an absolute right to withdraw his plea, we reverse.

Kaiser pled guilty, pursuant to a negotiated plea, to more than 60 counts of the unauthorized manufacture, possession and dispensation of controlled substances. In return, the state moved to nolle prosequi one count of racketeering, one count of attempt to manufacture methamphetamine and one count of conspiracy. Kaiser entered his plea on February 24, 2004, and was sentenced the same day to serve thirty years, ten years in confinement and the balance on probation, provided that he pay various fines, fees, and surcharges and that he comply with certain special conditions of probation. One of the negotiated conditions prohibited Kaiser from practicing medicine in Georgia or any state contiguous to Georgia. At the sentencing hearing, however, the trial court modified that negotiated condition, sua sponte, to prohibit Kaiser from *ever* practicing medicine in Georgia or the surrounding states.

Kaiser subsequently moved to modify his sentence, arguing that this special condition rendered his sentence indeterminate and thus illegal. The trial court denied the motion, and Kaiser appealed. This Court reversed, holding that the sentence violated OCGA § 17-10-1

---

(a) (1) requiring that a court prescribe a determinate sentence. This Court vacated Kaiser's sentence in its entirety[1] and remanded the case to the trial court for resentencing. The remittitur was returned on October 25, 2005. *Kaiser v. State*, 275 Ga. App. 684, 686 (2) (621 SE2d 802) (2005).

Three days later, on October 28, Kaiser moved to withdraw his guilty plea as to Counts 2, 5, 6, 7, and 8 of the indictment.[2] Subsequently, on February 14, 2006, the trial court signed orders resentencing Kaiser in accordance with the parties' previously negotiated plea agreement. On February 17, the trial court signed an order dismissing Kaiser's motion to withdraw his guilty plea, holding that it did not have jurisdiction to entertain the motion because it was filed after the term of court in which the original sentence was imposed. The order indicated that it was signed nunc pro tunc as of February 14.[3] On March 13, Kaiser filed an "Objection to Plea as Negotiated and Request to Reissue Sentences" as "non-negotiated," but he filed this appeal before the trial court had the opportunity to address his objection.

1. Kaiser asserts that the trial court erred in dismissing his motion to withdraw because he had a statutory right under OCGA § 17-7-93 (b) to withdraw his plea. He argues that because his sentence was void, he was never properly sentenced and thus could withdraw his sentence as of right. The state argues, however, that Kaiser was required to file his motion to withdraw his plea in the same term in which he was sentenced and that the court was without jurisdiction to consider a motion filed two years and seven terms after the original sentence.[4]

This issue implicates three overlapping legal principles. The first principle, codified in OCGA § 17-7-93 (b), provides that "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.' . . ." The phrase "at any time

---

[1] "[I]n many circumstances it is appropriate to view the final negotiated plea agreement as a 'package' deal, the terms of which should not be treated in isolation from one another but rather as a cohesive whole." (Citations omitted.) *Clue v. State*, 273 Ga. App. 672, 675 (615 SE2d 800) (2005) (holding that defendant should be permitted to withdraw his negotiated guilty plea to all counts, where sentences imposed for some counts were void).

[2] Those pleas were to the following charges: Count 2 – manufacture of methamphetamine; Count 5 – possession of OxyContin; Count 6 – possession of amphetamine; Count 7 – possession of hydrocodone; and Count 8 – possession of alprazolam. Although Counts 5, 6, 7, and 8 originally charged possession with intent to distribute, under the plea agreement, Kaiser pled guilty to simple possession only. After the trial court dismissed the motion to withdraw and Kaiser appealed, he attempted to amend the motion to withdraw his plea to all 60+ counts.

[3] The order dismissing Kaiser's motion to withdraw was entered on the docket on February 20, and the new sentencing orders were entered March 1, 2006.

[4] The terms of court for the Superior Court of Newton County are the second and third Mondays in January, April, July, and October. OCGA § 15-6-3 (2) (A).

before judgment is pronounced" means at any time before the judge orally pronounces sentencing. *State v. Germany*, 246 Ga. 455, 456 (1) (271 SE2d 851) (1980). A defendant, therefore, has an absolute right to withdraw his plea before sentence is pronounced, but after sentencing the decision whether to grant a withdrawal motion lies within the trial court's discretion. *Williams v. State*, 279 Ga. App. 388, 389 (631 SE2d 417) (2006); *Griffin v. State*, 12 Ga. App. 615, 620 (4) (77 SE 1080) (1913). See also Superior Court Rule 33.12 (B) (no withdrawal as matter of right after sentence is pronounced unless defendant shows that withdrawal is necessary to correct a manifest injustice).

Under the second principle, a defendant must file a post-sentencing motion to withdraw a guilty plea in the same term in which he was sentenced. After the expiration of that term, the trial court lacks jurisdiction to allow the withdrawal of the plea. *Rubiani v. State*, 279 Ga. 299 (612 SE2d 798) (2005). Thus, "after the expiration of that term and of the time for filing an appeal from the conviction, the only remedy available to the defendant would be through habeas corpus proceedings." (Citation omitted.) *Sherwood v. State*, 188 Ga. App. 295 (1) (372 SE2d 677) (1988). This is a judicially created rule, which evolved from the established common law tenet that a court cannot set aside or alter a judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the original term. See, e.g., *United States v. Mayer*, 235 U. S. 55 (35 SC 16, 59 LE 129) (1914); *Conlogue v. State*, 243 Ga. 141, 142 (6) (253 SE2d 168) (1979), overruled on other grounds, *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984); *Miraglia v. Bryson*, 152 Ga. 828 (111 SE 655) (1922); *State v. Kight*, 175 Ga. App. 65, 66-67 (1) (332 SE2d 363) (1985); *Moore v. State*, 116 Ga. App. 774 (158 SE2d 926) (1967).

The third principle provides that a finding of a void sentence, following a guilty plea, does not automatically discharge the defendant from his plea. Rather, the proper procedure is to return the defendant to the trial court for the imposition of a legal sentence. *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948); *Sherman v. State*, 142 Ga. App. 691, 692 (237 SE2d 5) (1977); *Fleming v. State*, 113 Ga. App. 113 (2) (147 SE2d 480) (1966); *King v. State*, 103 Ga. App. 272, 276 (3) (119 SE2d 77) (1961).

The application of these principles to a case such as this, in which the defendant seeks to withdraw his guilty plea following the entry of a void sentence, has resulted in the emergence of two distinct and contradictory lines of authority.

*Mullins Line of Authority*

The first line, relied upon by Kaiser, holds that a defendant may withdraw his guilty plea as of right up until the time of resentencing.

*Mullins v. State*, 134 Ga. App. 243 (214 SE2d 1) (1975). Mullins' sentence was void and he filed a written motion to withdraw his prior guilty plea. This Court held the trial court erred in denying Mullins' motion because "[a] sentence entered in a criminal case which is unauthorized by law is a nullity and void. Where the sentence is void, a valid sentence may be imposed by the court, until which time the defendant stands as though convicted but not sentenced." (Citations omitted.) Id. at 243 (1). The Court noted that Georgia statutory law allowed a defendant to withdraw a guilty plea at any time before judgment, and that " 'judgment' in this context means 'sentence.' " Id. at 243 (2). Thus, the Court found that Mullins had an absolute right to withdraw his plea prior to resentencing. Id.

Although it is unclear whether Mullins filed his written motion in the same term of court in which the original, void sentence was issued or at a later term,[5] such a distinction is irrelevant under the *Mullins* reasoning. Where a void sentence has been entered, it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced. And pursuant to OCGA § 17-7-93 (b), the defendant may withdraw his plea as of right prior to sentencing. Thus, while *Mullins* did not specifically address the judicially-created jurisdictional rule requiring that the motion be filed in the same term in which the defendant is sentenced, that rule is not implicated under the Court's reasoning.

This reasoning is consistent with other authority indicating that a trial court retains jurisdiction over a case past the term of conviction where no legal sentence has been entered. "Where a valid sentence is not passed at the term of court in which the conviction occurs, the court does not lose jurisdiction of the case and may pronounce sentence at a succeeding term. *Davis v. State*, 192 Ga. 648 (16 SE2d 428) (1941)." *Sherman v. State*, 142 Ga. App. at 692. See also *Barber v. State*, 240 Ga. App. 156, 157 (1) (b) (522 SE2d 528) (1999) (outside term of court, trial court has subject matter jurisdiction to invalidate a sentence *if* it is, in fact, void). In fact, where a sentence is void ab initio, a trial court has both the jurisdiction and the obligation to vacate the sentence. *Syms v. State*, 244 Ga. App. 21, 22 (2) (534 SE2d 502) (2000). And a void sentence may be corrected at any time, even though the time for modifying a sentence under OCGA § 17-10-1 (f) has passed. See *Green v. State*, 273 Ga. App. 654 (615 SE2d 818) (2005).

---

[5] We note that the *Mullins* opinion indicates that "[a] habeas corpus to set aside the original sentence was apparently heard and sustained." *Mullins v. State*, 134 Ga. App. at 243 (3). Thus, it is possible that Mullins did not file his motion to withdraw until after the habeas proceeding voided the original sentence, but the opinion is silent as to the timing of the motion.

The *Mullins* case remains good law and was cited with approval in the subsequent case of *State v. Clark*, 191 Ga. App. 708 (382 SE2d 670) (1989), for the proposition that a trial court is authorized to allow a defendant to withdraw his plea prior to resentencing, but neither that case nor any other cases citing *Mullins* have specifically addressed the issue before us. See, e.g., *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991); *Thomas v. State*, 272 Ga. App. 279 (612 SE2d 99) (2005) (distinguishing *Mullins*); *State v. Stuckey*, 145 Ga. App. 434, 434-435 (243 SE2d 627) (1978) (cited for the proposition that "[t]he posture of this case is that the defendant has been validly convicted but has had a void sentence imposed which in law amounts to no sentence at all") (emphasis omitted). See also Jack Goger, Daniel's Georgia Criminal Trial Practice, § 26-1, n. 4 (2007 ed.) (after void sentence, defendant is treated as though he has been convicted and not sentenced); Glenda K. Harnad, 10 Ga. Proc. Criminal Procedure § 12:69, n. 6 (2006) (trial court has authority to allow withdrawal of guilty plea prior to resentencing).

*Jarrett Line of Authority*

The second line of authority, upon which the state relies, originated in the case of *Jarrett v. State*, 217 Ga. App. 627 (458 SE2d 414) (1995). Jarrett pled guilty to a charge of simple battery and nolo contendere to a charge of simple assault. Ten months later, he moved to withdraw the pleas, claiming they were not knowingly and willingly made, that his pleas amounted to cruel and unusual punishment and that the sentencing judge was biased. Although the state moved to dismiss the motion to withdraw as untimely, the trial court granted Jarrett's motion to withdraw his nolo plea, but denied his motion to withdraw his guilty plea. Id.

Jarrett argued on appeal that the trial judge erred in denying his motion to withdraw his guilty plea because his sentences were void, and he asserted that jurisdictional time constraints do not apply to void sentences. The *Jarrett* panel agreed that "the time limits applicable to the withdrawal of pleas do not apply to void sentences," but held that the only available relief was resentencing. Id. at 628 (1). The Court then noted that after examining the record, "[we] do not believe Jarrett's sentences are void." Id. But the Court proceeded to find that even if they were void, the trial court was only authorized to impose new and valid sentences, because the motion to withdraw was filed after the term in which Jarrett was convicted. Without referencing *Mullins*, the Court noted its research revealed "no cases authorizing the trial court to allow the withdrawal of a plea after the expiration of the term, even where the sentence [was] void." Id. And the court relied upon cases citing the third principle that a void sentence does not automatically discharge a defendant who has pled guilty, but rather only allows the court to resentence that defendant.

See *Gonzales v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991); *Sherman v. State*, 142 Ga. App. at 692 (neither involving a void sentence). This Court thus concluded that Jarrett's only relief was through a habeas corpus proceeding. *Jarrett v. State*, 217 Ga. App. at 628.

Comparing the *Mullins* and *Jarrett* opinions, it is apparent that *Mullins* relies upon the first of the three overlapping principles to reach one conclusion, while *Jarrett* relies upon the second and third to reach the opposite. Thus, *Mullins* focuses upon a defendant's absolute statutory right to withdraw his plea prior to sentencing and the effect of a void sentence on that right. Finding correctly that the original void sentence was a nullity, the *Mullins* court enforced the defendant's right to withdraw his plea. In doing so, however, *Mullins* did not address time limitations applicable to the filing of a motion to withdraw. *Jarrett*, in contrast, placed its primary emphasis on that limitation, without addressing the defendant's rights under OCGA § 17-7-93 (b) or what a void sentence means under that statute.

While we acknowledge that the *Jarrett* case has been cited in cases squarely addressing the issue before us and with more frequency than *Mullins*, we find the reasoning of *Mullins* more persuasive as it gives effect to each of the three overlapping principles. In contrast, the *Jarrett* opinion completely ignores a defendant's statutory right to withdraw his plea prior to sentencing. We find that this specific statutory right must take precedence over the common law time limitation for filing motions to withdraw. See, e.g., *United States v. Mayer*, 235 U. S. at 67 (1) (stating that general common law rule limiting court's jurisdiction to term of judgment applies "[i]n the absence of a statute providing otherwise"). Moreover, the time limitation requires only that a defendant file his motion to withdraw in the same term in which judgment is pronounced, which in this context means the term in which he is sentenced. *Rubiani v. State*, 279 Ga. at 299. A void sentence is a nullity, and until the defendant is legally sentenced, the time limitation should not begin to run. And we agree with *Mullins* that a defendant maintains his right to withdraw that plea until he is properly sentenced. In addition, the holding in *Mullins* is consistent with the third principle that a void sentence alone does not discharge a defendant who has pled guilty. Rather, a defendant must take affirmative action to seek the withdrawal of his plea. In many cases, a defendant will choose to maintain his plea and avoid the risk of trial. Thus, in cases where there is a void sentence, but no motion to withdraw prior to resentencing, the rule remains that further relief must be sought through habeas corpus.

Accordingly, we overrule *Jarrett* and the second line of cases (*Woodson v. State*, 267 Ga. App. 636, 637 (1) (600 SE2d 717) (2004); *Mann v. State*, 264 Ga. App. 631, 632 (1) (591 SE2d 495) (2003); *Farist*

*v. State*, 249 Ga. App. 320, 321 (1), (2) (547 SE2d 618) (2001); *Brasuell v. State*, 243 Ga. App. 176, 177 (531 SE2d 732) (2000); *Baldwin v. State*, 242 Ga. App. 205 (529 SE2d 201) (2000); *Lewis v. State*, 229 Ga. App. 827 (494 SE2d 678) (1997)) to the extent that those cases hold, or in reaching their holding adopt the finding, that a trial court may not grant a motion for withdrawal filed outside the term of court in which sentence is imposed, where that sentence is void and the motion was filed prior to resentencing.

2. The remainder of Kaiser's enumerations of error address issues that were neither raised nor ruled upon in the trial court prior to this appeal. "Inasmuch as we are a court for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court." (Punctuation omitted.) *Spivey v. State*, 272 Ga. App. 224, 228 (2) (612 SE2d 65) (2005). Moreover, given our holding in Division 1, above, we need not reach these issues.

*Judgment reversed. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Miller, Ellington, Phipps and Mikell, JJ., concur. Bernes, J., concurs specially.*

BERNES, Judge, concurring specially.

Given the procedural posture of this case, I concur fully in the majority. I write only to say that I believe we erred when we initially held that the invalidity of probation condition vitiated the entire sentence. See *Ellis v. State*, 221 Ga. App. 103, 104 (1) (470 SE2d 495) (1996); *Davis v. State*, 172 Ga. App. 787, 790 (6) (324 SE2d 767) (1984).

DECIDED MARCH 28, 2007 —
RECONSIDERATION DENIED APRIL 13, 2007 —

Alan B. Kaiser, *pro se.*
W. Kendall Wynne, Jr., *District Attorney*, for appellee.