## S04A0338. RICE v. THE STATE.
(594 SE2d 335)

THOMPSON, Justice.

On September 17, 1999, defendant Charles J. Rice pleaded guilty to murder and armed robbery pursuant to a negotiated plea agreement. Ten days later, the trial court sentenced Rice to two concurrent life terms.

Thereafter, on September 9, 2003, Rice filed a "motion to vacate and correct null and void sentence."[1] In his motion, Rice attacked the voluntariness of his guilty plea on the ground, inter alia, of ineffective assistance of counsel. The trial court denied the motion and Rice appeals. We affirm.

> It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea. *Jarrett v. State*, 217 Ga. App. 627 (1) (458 SE2d 414) (1995). [Rice's] only available means to withdraw his guilty plea is through habeas corpus proceedings, id. at 628, and the trial court therefore properly denied [Rice's] motion.

*Henry v. State*, 269 Ga. 851, 853 (2) (507 SE2d 419) (1998).
*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 8, 2004.

Charles J. Rice, *pro se.*
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.

---

[1] Previously, Rice filed a "motion for different counsel on appeal," a "motion of discovery request and preservation of records," and a motion for a copy of the record. On August 6, 2003, the trial court granted Rice's record request, but denied his other motions.