## A04A0088. STATE OF GEORGIA v. PRICE et al.

### (599 SE2d 264)

RUFFIN, Presiding Judge.

After Robert Price pleaded guilty to counterfeiting,[1] the State sought forfeiture of Price's property, including his house and a 1993 Buick Regal. The trial court denied the State's petition, finding that forfeiture of this property was "constitutionally excessive" and that the State failed to meet the appropriate test for forfeiture.[2] The State appeals, arguing that the trial court erred in undertaking a constitutional analysis in this civil forfeiture proceeding. The State also asserts that the trial court erred in finding the forfeiture excessive. For reasons that follow, we disagree with the State and affirm.

Generally, civil forfeiture proceedings are reviewed under a preponderance of the evidence standard.[3] With respect to forfeiture under the counterfeiting statute, however, the legislature has determined the State must prove its case beyond a reasonable doubt.[4]

Viewed in this light, the record shows that a police officer on routine patrol saw Price selling T-shirts and CDs in a parking lot. The officer stopped, examined the merchandise, found it to be suspect, and asked whether the merchandise was counterfeit. Price admitted to selling counterfeit goods, and the officer arrested him and seized the merchandise on display and in Price's nearby van.

After Price's arrest, the police searched both his home and place of business. At Price's business, the officers found silk screens with counterfeit trademark logos, articles of clothing with counterfeit logos, buckets of silk screen paint, a large box of blank T-shirts, and a large machine used to place labels on video cassette tapes.

At Price's home, officers discovered silk screens with Nike and Tommy Hilfiger trademarks, foils used to create silk screens with an Atlanta Braves logo, and computer scanners containing CD and cassette tape labels. One officer testified that there was so much counterfeiting material throughout the house, "it was obvious ... that there was some production going on at the house." During cross-examination, the officer admitted that Price also had a legitimate screen printing business in which he produced T-shirts for family reunions and church socials and that the blank T-shirts in the home

---

[1] The trial court sentenced Price to serve two years of a ten-year sentence and fined him $20,000.

[2] The State also petitioned for forfeiture of various counterfeiting tools, over $1,000 in cash, and a van, which the trial court granted.

[3] See *Sanders v. State of Ga.*, 259 Ga. App. 422, 425 (2) (577 SE2d 94) (2003); *Morris v. State of Ga.*, 234 Ga. App. 683 (507 SE2d 532) (1998).

[4] See OCGA § 10-1-454 (d) (4).

could have been used for such purposes. He also admitted that the silk screens and foils might have been merely stored at the home and not used in the home for the production of counterfeit goods. Finally, the officer testified that Price told him in February 2000 that he had been in the T-shirt business approximately six to eight years.

The record shows that Price and his wife started building their home in 1993. It also reflects that the Prices earned, on average, approximately $25,000 per year from 1995 through 1999, which the State contends was insufficient to pay for the home's construction.

Based on this evidence, the State sought forfeiture of Price's home and 1993 Buick Regal under OCGA § 10-1-454 (d). However, the trial court denied the State's request as to this property, finding (1) that forfeiture of the Regal and Price's real property was constitutionally excessive; and (2) that the State failed to meet "the tests under Georgia law."

On appeal, the State argues that "the trial court erred in holding that an excessive fines analysis should be applied to a civil forfeiture of property procured or purchased with proceeds of activities declared to be illegal." The State further argues that, even if such analysis applies, the trial court nonetheless erred in finding the forfeiture to be excessive.

1. Underlying the State's argument on appeal is its contention that the only basis for the trial court's ruling was its finding that the forfeiture was excessive. This contention is not supported by the record. Although the trial court's order is pithy, it is clear that it based its ruling on two grounds: (1) excessiveness; and (2) the State's failure to meet "the tests under Georgia law."

The "tests" are set forth in OCGA § 10-1-454 (d), which lists the items subject to forfeiture following a conviction for counterfeiting. Under subparagraph (2) (A), the following are subject to forfeiture: "goods, labels, products, or other property containing or constituting forged or counterfeit trademarks, service marks, or copyrighted or registered designs or constituting or directly derived from gross profits or other proceeds obtained from such offense."[5] Subparagraph (2) (B) permits forfeiture of "[a]ny property or any interest in any property, including but not limited to any reproduction equipment, scanners, computer equipment, printing equipment, plates, dies, sewing or embroidery equipment, motor vehicle, or other asset, used to commit [the offense of counterfeiting]."[6] And, under subparagraph (2) (C), the State may obtain through forfeiture "[a]ny property constituting or directly derived from gross profits or other proceeds

---

[5] OCGA § 10-1-454 (d) (2) (A).
[6] OCGA § 10-1-454 (d) (2) (B).

obtained from [counterfeiting]."[7]

In finding that the State failed to meet these "tests," the trial court evidently found that the State did not prove beyond a reasonable doubt that the items sought — the house and the Buick — come within the ambit of OCGA § 10-1-454 (d). We find no error in this ruling.

With regard to the Buick, the State submitted no evidence supporting its forfeiture. Accordingly, the trial court did not err in finding that the State failed to meet its burden with respect to this property.

With regard to Price's home, the State presented evidence that T-shirts, silk screens, foils, and watches were stored in the house. And evidence showed that the Prices also had a computer capable of writing CDs and a scanner, which could have been used to reproduce labels. However, the record also shows that Price had a separate, legitimate T-shirt business, which could explain the presence of much of this material. And the computer apparently was not capable of mass-producing CDs, which undermines the State's contention that it was used for this purpose. To the extent that certain silk screens and foils were stored at the house, the trial court was authorized to conclude that mere storage of these items does not bring the house within the ambit of OCGA § 10-1-454 (d) (2) (B). Given the evidence presented, the trial court was authorized to find that the State failed to prove beyond a reasonable doubt that the house was subject to forfeiture under this Code section.

In like manner, the trial court could find that the Prices did not use illegal profits to buy the land and build the home. The land was purchased in July 1993, and the Prices built the home themselves in 1993 and 1994. For the three years before the home was built, the Prices lived rent-free in a home owned by a relative to save money for the home. Price was arrested in 2000, seven years after the land was purchased and the home was built. Thus, evidence of his illegal conduct in 2000 did not demonstrate that the home was constituted or was directly derived from illegal profits. Nor did the State's evidence regarding the Prices' income after the home was constructed demonstrate that the house was built with illegal profits. Finally, Price's statement in 2000 that he had been in the T-shirt business for six to eight years was ambiguous as to whether it was a legitimate or counterfeit T-shirt business, and this business could have begun after the home was already constructed. It follows that the trial court did

[7] OCGA § 10-1-454 (d) (2) (C).

not err in finding that the State failed to prove beyond a reasonable doubt that forfeiture was warranted under OCGA § 10-1-454 (d) (2) (C).

2. This Court will affirm a trial court's ruling if it is right for any reason.[8] In view of our holding in Division 1, we do not address the State's remaining enumerations of error.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MAY 6, 2004.

*J. Gray Conger*, District Attorney, *Jarrell H. Palmer*, Assistant District Attorney, for appellant.

*Hagler & Hyles, Richard C. Hagler, Manchel, Wiggins & Kaye, Howard J. Manchel*, for appellees.

---

[8] See *Morris*, supra at 686 (affirming forfeiture on ground not relied upon by trial court).