## A04A0849. DELOACH v. THE STATE.
(600 SE2d 414)

PHIPPS, Judge.

In this pro se appeal, Sidney Deloach contends that the superior court erred in denying his pro se post-conviction motions challenging the validity of a guilty plea he entered to indictments that had charged him with various counts of entering an automobile with intent to commit theft and forgery. Finding that the superior court was without jurisdiction to grant the relief requested by Deloach, we affirm.

During the December term of the Superior Court of Chatham County, Deloach entered the guilty plea; and he was given a five-year sentence on the conviction of entering an automobile, concurrent to the sentence he received for the forgery convictions.[1] Deloach's pro se motions were not filed until the March term of the court.[2] " 'It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea.' [Cit.]"[3] Therefore, the only means available to challenge the validity of the guilty plea is through habeas corpus proceedings.[4] A petition for habeas corpus must be filed against the warden in the superior court of the county where a prisoner is incarcerated rather than in the county in which he was convicted.[5] The habeas procedure was not followed here.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 18, 2004.

Sidney Deloach, *pro se.*

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.

---

[1] See OCGA § 15-6-3 (17).
[2] See id.
[3] *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002).
[4] See *Brasuell v. State*, 243 Ga. App. 176, 177 (531 SE2d 732) (2000).
[5] *Worle v. State*, 227 Ga. App. 575 (489 SE2d 374) (1997).