## S04A0046. DARLEY v. THE STATE.
### (598 SE2d 507)

HINES, Justice.

On June 3, 1987, Robert Ray Darley pled guilty to malice murder, armed robbery, and theft by taking, in connection with the death of Bernice Voellinger. The State had filed a notice of intent to seek the death penalty, and after the plea hearing, Darley was sentenced to life in prison for malice murder, life in prison for armed robbery, to be served concurrently with the malice murder sentence, and 20 years in prison for theft by taking, to be served consecutively to the life sentences.

On August 19, 2002, Darley filed a "motion to hold judgments of defendant's convictions and sentences mere nullity and to expunge such merely null judgments." In his motion, he attacked the voluntariness of his guilty plea. The trial court denied the motion and Darley appeals. We affirm.

> It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea. [Cit.] [Darley's] only available means to withdraw his guilty plea is through habeas corpus proceedings, [cit.], and the trial court therefore properly denied [Darley's] motion. [Cit.]

*Rice v. State,* 277 Ga. 649 (594 SE2d 335) (2004).
*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 28, 2004.

Robert R. Darley, *pro se.*

Howard Z. Simms, *District Attorney,* Thurbert E. Baker, *Attorney General*, for appellee.