A04A1317. RODERICUS v. THE STATE.
(605 SE2d 81)

ADAMS, Judge.

Antonio G. Rodericus pled guilty to two counts of aggravated assault on June 25, 2001. Rodericus was appointed an attorney to file a motion to withdraw his guilty pleas sometime in July 2001, but that attorney failed to file the motion, and another attorney was appointed in January 2002. A motion to withdraw the pleas was filed on January 16, 2002, in the Clayton County Superior Court. The trial court determined that it had no jurisdiction to hear the motion since it was filed after the expiration of the term of court in which the judgment of conviction was entered, and it dismissed the motion on February 15, 2002.

Rodericus then filed a petition for writ of habeas corpus in the Superior Court of Johnson County, alleging that he had received ineffective assistance of counsel because the first attorney appointed by the court following the entry of his guilty pleas failed to timely file a motion to withdraw his pleas. The Johnson County habeas court did not specifically rule on the ineffectiveness claim or the motion to withdraw the guilty pleas, but instead returned the case to the Clayton County trial court so that Rodericus could file an "out-of-term and out-of-time motion to withdraw his guilty pleas in [that court]."

Rodericus subsequently renewed his motion to withdraw his guilty pleas in the Clayton County trial court, and a hearing was held on the motion on October 23, 2003. An order denying the motion was entered on November 11, 2003, and a notice of appeal to this Court was filed on December 15, 2003. On January 9, 2004, this Court entered an order dismissing the appeal because the notice of appeal was not filed within 30 days of entry of the order denying the motion to withdraw the guilty pleas. OCGA § 5-6-38; *Patel v. Ga. Power Co.*, 234 Ga. App. 141-142 (505 SE2d 787) (1998). On February 11, 2004, the Clayton County trial court entered an order allowing Rodericus to file an out-of-time appeal, and Rodericus timely filed his notice of

appeal on February 26, 2004. That appeal has been docketed in this Court as Case No. A04A1317.

1. Rodericus contends the Johnson County habeas court exceeded its authority by remanding the case to the Clayton County trial court to hear the out-of-term, out-of-time motion to withdraw his guilty pleas, and thus the Clayton County trial court lacked jurisdiction over the motion. We agree.

> "The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered." [Cits.] Furthermore, "(i)t is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings. [Cit.]" [Cit.]

(Emphasis in original.) *Foskey v. State*, 232 Ga. App. 303 (501 SE2d 856) (1998). *Rice v. State*, 277 Ga. 649 (594 SE2d 335) (2004).

And jurisdiction over the motion to withdraw the guilty pleas in the trial court may not be conferred by the habeas corpus court.

> [W]hen a court has no jurisdiction over a matter, it has no *power* to hear that matter. Jurisdiction is an ancient, formalized concept which prevents courts from abusing all persons by hearing matters which should properly be decided in another court or proceeding; the concept also prevents parties from abusing the orderly process of the courts. [Cit.] If a court has no jurisdiction to hear a matter, neither the State nor the defendant has a power or right to relax those jurisdictional rules so as to have the matter heard.

(Emphasis in original.) *Foskey*, 232 Ga. App. at 304. Thus, the transfer by the Johnson County habeas court to the Clayton County trial court to hear and decide the motion to withdraw the guilty pleas "was void ab initio as an unauthorized exercise of authority." (Punctuation and footnote omitted.) *Herrington v. State*, 265 Ga. App. 454, 457 (594 SE2d 682) (2004).

The posture of this case as it now stands is that Rodericus's motion to withdraw his guilty pleas is still unresolved, through no fault of his own. And since no appealable order over which this court has jurisdiction is before us, we must again dismiss Rodericus's appeal. *Herrington v. State*, 265 Ga. App. at 458-459.

But to what end? Since the [Johnson] County habeas court's order transferring [Rodericus's] habeas claims . . . to the [Clayton] County trial court was void ab initio as an unauthorized exercise of authority, and since the [Clayton] County trial court's order on [Rodericus's motion to withdraw his guilty pleas] is null and void for lack of jurisdiction, [Rodericus's] habeas claims have not been decided and await resolution by a court of competent jurisdiction. This is due solely to decisions made by the [Johnson] County habeas court, and a cure is not assured by any action [Rodericus] can take. Accordingly, with no expression to the merits of [Rodericus's] allegations, we remand this case to the Superior Court of [Johnson] County for resolution of [Rodericus's] outstanding habeas claims . . . , with the final order subject to the appellate procedures outlined in OCGA § 9-14-52.

(Footnotes omitted.) Id. at 459.

2. Based on our holding in Division 1, we do not reach Rodericus's second enumeration of error in which he contends the Clayton County trial court erred by denying his motion to withdraw his guilty pleas.

*Appeal dismissed. Case remanded to the Superior Court of Johnson County. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 21, 2004.

*Robert L. Mack, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney,* for appellee.