C. Bradford Marsh, Chair, Review Panel, Atlanta, other party representation.
 

 Malcolm F. Bryant, Jr., Vidalia, other party representation.
 

 PER CURIAM.
 

 Case numbers S04Y1627-1631 are before the Court on the Notices of Discipline filed by the State Bar against Respondent Ellis Ronald Garnett alleging that Garnett violated Bar Rules 1.1; 1.3; 1.4; and 1.16 of the Georgia Rules of Professional Responsibility, see Bar Rule 4-102(d). Garnett acknowledged proof of service of all the notices, but failed to reject them as required by Bar Rule 4-208.3(a). Accordingly, Garnett is in default, he does not have a right to an evidentiary hearing, and he is subject to discipline by this Court. See Bar Rule 4-208(b). In each of those cases, the State Bar recommends that Garnett be suspended for two years, attend Ethics School, submit to an evaluation and assessment of his practice by an independent consultant selected by the Law Practice Management Department of the State Bar, and provide certification that he has complied with the consultant's recommendations before reinstatement. Case No. S05Y0028 is before the Court on the Report and Recommendation of the Special Master in which he recommends that Garnett be disbarred for his violation of Rules 1.2; 1.3 and 1.4 of Bar Rule 4-102(d). In that case the State Bar filed a Formal Complaint against Garnett and Garnett acknowledged service. He failed to answer the complaint, however, in accordance with Bar Rule 4-212. The State Bar moved for findings of fact and conclusions of law by default, and the special master granted the motion. Accordingly, Garnett is in default and the facts and violations alleged in the complaint are deemed admitted. Rule 4-212. Given the number and seriousness of Garnett's violations, we conclude that he should be disbarred for the conduct set forth below.
 

 In Case No. S04Y1627, Garnett agreed to represent a client in a land dispute matter and the client paid Garnett $3,500. The only action Garnett took in the case, however, was to write one letter to the opposing party. He did not file a lawsuit, and he failed to return most of his client's phone calls. When he did speak to the client, Garnett falsely assured him that he would file the lawsuit soon. He did not refund the fees the client paid to him. In this matter, Garnett violated Rules 1.1, 1.3, and 1.4.
 

 In Case No. S04Y1628, a client hired Garnett to represent her in a medical negligence case and paid Garnett to obtain relevant medical records, which he did. Garnett sent the records to an attorney who specializes in that area of law, but failed to perform any additional work for his client and did not answer her phone calls or letters. He
 

 **528
 

 took no action in the case, thus causing the statute of limitations to expire. By his conduct in this matter Garnett violated Rules 1.1, 1.3, 1.4, and 1.16.
 

 In Case No. S04Y1629, a client paid Garnett $3,500 to represent her in a civil case against the City of Warwick but Garnett did not return her phone calls and did not perform any work on her behalf for over three years, until she filed a grievance with the
 
 *283
 
 State Bar, at which time Garnett filed a complaint in her case. Garnett violated Rules 1.1 and 1.3 in this case.
 

 In Case No. S04Y1630, the court appointed Garnett to represent a client in a criminal appeal. Garnett filed the appeal, but never informed his client about the affirmation of his conviction and did not communicate with his client until the client filed a grievance with the State Bar, at which time Garnett sent the client a copy of the appellate decision. In this matter Garnett violated Rules 1.1, 1.3, and 1.4.
 

 In Case No. S04Y1631, Garnett represented a client in a criminal trial and filed a notice of appeal on his behalf. Garnett did not inform his client about the affirmation of his conviction, did not maintain adequate contact with his client, and did not update him on the status of the appeal. The client did not find out about the result of his appeal until after he filed a grievance against Garnett. Garnett's behavior in this case violated Rules 1.1 and 1.4.
 

 Finally, in Case No. S05Y0028, Garnett was appointed to represent a client in a criminal action, but refused his client's request to enter a guilty plea. Garnett failed to obtain a copy of the transcript from a previous conviction as his client requested, and over the period of almost a year, responded only once to his client's letters and telephone calls. Garnett also failed to contact the client about his trial date or discuss his case with him prior to trial. Garnett thus violated Rules 1.2, 1.3 and 1.4.
 

 We have reviewed the records in these cases and note in aggravation of discipline that in addition to the disciplinary matters set forth herein, Garnett has had prior disciplinary action against him. These include a 1990 Investigative Panel reprimand, a 1991 three-month suspension, a 1993 Public Reprimand, and a 2003 Letter of Formal Admonition, which together suggest a pattern of neglect and abandonment. Based on his repeated violations of the rules governing the conduct of lawyers in this State, we hereby order that Garnett be disbarred from the practice of law in the State of Georgia. Garnett is reminded of his duties under Bar Rule 4-219(c).
 

 Disbarred.
 

 All the Justices concur.