## A05A0424. THE STATE v. MANDERS.

(609 SE2d 658)

BLACKBURN, Presiding Judge.

Following the grant of Jeffery Wayne Manders's motion to withdraw his guilty plea, the State appeals, contending that the Barrow County trial court lacked jurisdiction to consider the motion because it was made after the term of court in which the guilty plea was entered.[1] For the reasons set forth below, we reverse.

The record shows that, on September 23, 2003, Manders entered a negotiated plea of guilty to six counts of felony forgery, and the trial court sentenced him to ten years to serve five on Count 1 and ten years concurrent probation on the remaining counts. This sentence was entered during the August 2003 term of the Barrow County Superior Court.

At the time that this sentence was entered, Manders had already been sentenced in federal court on different charges and was facing a federal prison sentence. The transcript reveals that, at the time of the state court sentence, both the State and the defendant believed that,

---

[9] *In the Interest of H. H.*, 257 Ga. App. 173, 176 (1) (b) (570 SE2d 623) (2002).

[1] OCGA § 15-6-3 (32) (B) provides that Barrow County shall have four terms of court beginning on the "[l]ast Monday in January, first and second Mondays in February, second and third Mondays in August, and first and second Mondays in May and November."

once he entered his state plea, he would be returned to federal authorities and serve his incarceration exclusively in federal prison. In reality, however, federal authorities would not take custody of Manders because he was in state custody and faced a state sentence of imprisonment. The parties did not learn this fact until after Manders received his state sentence.

On November 25, 2003, and again on January 13, 2004, Manders, acting pro se, filed motions with the trial court to modify his sentence so that he could be remanded over to federal authorities. In response, on February 20, 2004, the trial court entered a consent order stating that Manders's sentence was to "run concurrent with the Federal sentence . . . Manders is already serving and shall be served in Federal custody." This order was made nunc pro tunc to September 23, 2003, the date of the original sentence.

This nunc pro tunc order, however, was not sufficient to trigger federal authorities to take Manders into custody, and, on April 27, 2004, during the February 2004 term of court, Manders, acting with counsel, filed a motion to amend his sentence or withdraw his guilty plea. At the subsequent hearing on this motion, Manders argued that, as long as he was sentenced to incarceration in the state system and in state custody, the federal system would not take custody of him. In other words, he would be required to serve his state time prior to serving his federal sentence. To remedy this unanticipated problem, Manders asked the trial court to allow him to withdraw his guilty plea and post bond so that federal authorities would step in.

On May 26, 2004, the trial court allowed Manders to withdraw his plea. The trial court took this action because it found that the parties intended for Manders to serve his time in federal custody. At that time, however, the trial court was without jurisdiction to allow Manders to withdraw his plea.

> It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea. Therefore, the only means available to challenge the validity of the guilty plea is through habeas corpus proceedings. A petition for habeas corpus must be filed against the warden in the superior court of the county where a prisoner is incarcerated rather than in the county in which he was convicted.

*Deloach v. State*.[2] "[T]his rule applies even if the original sentence is

---

[2] *Deloach v. State*, 267 Ga. App. 472 (600 SE2d 414) (2004).

held to be void. In such a case, we held that the trial court is only authorized to impose new and valid sentences, and not to allow the defendant to withdraw his plea." (Punctuation and footnote omitted.) *Baldwin v. State*.[3]

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED JANUARY 20, 2005.

*Timothy G. Madison, District Attorney, Anthony B. Williams, Robin R. Riggs, Assistant District Attorneys*, for appellant.
*Kathleen J. Anderson*, for appellee.

---

[3] *Baldwin v. State*, 242 Ga. App. 205, 207 (529 SE2d 201) (2000).