A04A2210. JONES v. THE STATE.
(610 SE2d 570)

ADAMS, Judge.

Jimmy Herman Jones was convicted on five counts of burglary. He was sentenced by the trial court to 20 years on Count 1; 18 years on Count 2, to run consecutively to Count 1; and 20 years on each of

---

the remaining counts, to run concurrently. On appeal he contends that his sentence is void because the judge did not have authority to sentence him to consecutive sentences.

This Court has already affirmed Jones's conviction in an unreported decision, but we have jurisdiction of this appeal of the denial of Jones's motion attacking his sentence on the ground that it is void. See *Williams v. State*, 271 Ga. 686, 688-689 (523 SE2d 857) (1999).

Nevertheless, we find Jones's appeal to be without merit. Jones relies on *Gandy v. State*, 232 Ga. 105, 105-106 (205 SE2d 243) (1974), in which it was held that

> "a trial judge does not have legal authority to say whether sentences imposed by a jury in a multi-count indictment shall run concurrently or consecutively. Under our present statutes that function is solely within the province of the jury, because the jury fixes the 'total punishment' for a person convicted on one or more counts of a multi-count indictment."

But, as held in *Harris v. State*, 166 Ga. App. 202, 204 (3) (303 SE2d 534) (1983),

> *Gandy*, 232 Ga. 105, relied upon by the defendant, construes the law during a period in which sentences in felony cases were imposed by the jury and is inapplicable to the current judge sentencing statute. Compare OCGA § 17-10-1 (formerly Code Ann. § 27-2502 (Ga. L. 1974, pp. 352, 354; 1981, p. 1024)) with its predecessor (Ga. L. 1919, p. 387; 1950, pp. 352, 354; 1964, pp. 483, 484).

See also OCGA § 17-10-10 (a), which provides:

> Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be served concurrently *unless otherwise expressly provided therein.*

(Emphasis supplied.)

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2005 —
RECONSIDERATION DENIED MARCH 2, 2005 — ▮▮▮▮▮▮▮▮

Jimmy H. Jones, *pro se.*

*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.