S05A0465. MATHIS v. THE STATE.
(610 SE2d 62)

BENHAM, Justice.

Rosemary Mathis suffered a fatal gunshot wound to the head on October 8, 1999, while she was removing her belongings from the marital home she shared with appellant Laris Lovett Mathis. Appellant was convicted of the malice murder of his wife, and he appeals.[1]

---

[1] The shooting took place on October 8, 1999, and appellant was arrested that day. The Cobb County grand jury returned a true bill of indictment charging appellant with malice murder and felony murder/aggravated assault on July 6, 2000. Appellant's trial commenced May 21, 2001 and concluded May 23 with the jury's return of its verdict finding appellant guilty of both charges. Appellant's sentence of life imprisonment was filed on May 23, and his motion for new trial, filed June 21, 2001, was denied June 7, 2004. A timely notice of appeal was filed

1. Appellant first contends the evidence was insufficient to authorize the jury's return of a guilty verdict on the charge of malice murder and authorized the jury only to find appellant guilty of voluntary manslaughter. The trial court instructed the jury on the law concerning both malice murder and voluntary manslaughter and gave the jury a verdict form that provided the jury with the opportunity to return a guilty verdict on either malice murder or voluntary manslaughter.

The State presented evidence that the gun was three to six inches from the victim's head when it was fired. The victim's son and her sister testified they were in a nearby room and heard the victim ask appellant for the money he had received from the sale of her car. They then heard her tell appellant to move the gun away from her head. The victim then called her sister's name, the door between the two rooms slammed shut, and a gunshot was fired. The victim's son testified he saw appellant leave the scene with a gun in his hand. The couple's adjacent neighbor, a lieutenant with the Fulton County Police Department, testified he had talked with appellant earlier in the day and described him as upset by the fact the victim was moving out. The neighbor saw appellant had a clip of ammunition, though he did not see a gun, and urged appellant not to do anything foolish. A woman who described the victim as her best friend of 32 years testified the victim had told her a month earlier that appellant had threatened to kill her if she left him.

Appellant testified he knew the victim was moving out of the house and he had returned to the marital home to get some papers and toiletries. After he removed his loaded gun from under the mattress in the master bedroom, he and the victim met in another room of the house where the victim threatened him with jail if he did not give her money she thought he owed her. When he attempted to leave the room, she blocked his exit and reached for the loaded gun he was carrying in his waistband. He pulled the gun out, but had no memory of what occurred thereafter. After the victim was shot, appellant left the site and went to his mother's home where he called police and where he was arrested.

As stated earlier, the jury was instructed on voluntary manslaughter in addition to malice murder, and was authorized to reject appellant's incomplete version of the events. See *Wooten v. State*, 270

June 14, 2004, and the appeal was docketed in this Court on August 18, 2004. After counsel of record was disbarred by this Court (*In the Matter of Ellis Ronald Garnett*, 278 Ga. 527 (603 SE2d 281) (2004)), the appeal was stricken from this Court's docket and remanded to the trial court for appointment of new appellate counsel. Appellate counsel was appointed November 5, 2004, and the appeal was docketed in this Court on November 16, 2004. It was submitted for decision on the briefs.

Ga. 425, 427 (510 SE2d 813) (1999). The evidence was sufficient to authorize the jury to find appellant acted with malice and to find him guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Campbell v. State*, 278 Ga. 839 (1) (607 SE2d 565) (2005).

2. Appellant maintains the trial court erred when it declined to give a requested charge on the law of accident. There must be at least slight evidence produced at trial to authorize a jury instruction, and whether the evidence presented is sufficient to authorize a charge is a question of law. *Davis v. State*, 269 Ga. 276 (3) (496 SE2d 699) (1998). "Accident" is an affirmative defense whereby it must be established a defendant acted without criminal intent, was not engaged in a criminal scheme, and was not criminally negligent, i.e., did not act in a manner showing an utter disregard for the safety of others who might reasonably be expected to be injured thereby. Id. We cannot infer the defendant acted without criminal negligence when the defendant admits having caused the victim's fatal injury but cannot recall how he came to inflict it. Id. Accordingly, the trial court did not err when it declined to give a charge on accident.

3. Appellant complains the trial court erred when it used the "necessity" exception to the rule against the admission of hearsay to permit two witnesses to testify to remarks the victim had made to them. Over objection, a woman who had known the victim for 32 years and described the victim as her best friend testified the victim had told her a month before the victim was shot that appellant had threatened to kill the victim if she left him. The victim's sister was allowed to testify that, several days before she was killed, the victim had told the witness to come to the victim if the witness ever heard the victim call her name.

(a) The trial court did not err in admitting the sister's testimony recounting what the victim had said because the testimony at issue does not meet the statutory definition of hearsay: "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). We will affirm a trial court's ruling if it is right for any reason. See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41 (4) (586 SE2d 235) (2003); *State of Ga. v. Price*, 267 Ga. App. 280 (2) (599 SE2d 264) (2004).

(b) We next turn our attention to the hearsay testimony of the victim's friend.

For hearsay to be admissible under the necessity exception,
(1) the out-of-court declarant must be unavailable to testify,
(2) the hearsay statements must be relevant to a material fact and must be more probative . . . concerning that fact than

other evidence available to the State, and (3) the hearsay statements must have been made under circumstances indicating their trustworthiness. [Cits.]

*Parks v. State*, 275 Ga. 320, 321 (2) (565 SE2d 447) (2002). Since the out-of-court declarant of the statement in issue in the case at bar was the deceased victim, it is undisputed she is unavailable to testify. Id. The recounting of appellant's threat of violence toward the victim was relevant to demonstrate the prior difficulties between appellant and the victim (*Myers v. State*, 275 Ga. 709 (2) (572 SE2d 606) (2002)), and there was no other non-hearsay evidence that was as probative of those difficulties.

> Whether testimony was accompanied by particular guarantees of trustworthiness is a matter for the trial court's discretion, and the trial court's decision will not be disturbed on appeal unless there is an abuse of discretion. [Cit.] The trial court does not abuse its discretion when it uses the necessity exception to admit hearsay testimony that relates an uncontradicted statement made by the unavailable witness to one in whom the declarant placed great confidence and to whom the declarant turned for help with problems. [Cit.]

Id. at 712 (2). The testimony which described the 32-year friendship between the victim and one of the witnesses as "very close," one in which they talked daily and spent a good deal of time together (e.g., "we just practically raised our children together"), and one in which the victim talked with the witness about her relationship with appellant and her plans to move out, is sufficient for us to determine the trial court did not abuse its discretion in concluding the witness's testimony was accompanied by particular guarantees of trustworthiness. Consequently, we affirm the judgment of conviction.

*Judgment affirmed. All the Justices concur, except Hines, J., who concurs in Divisions 1 and 2 and in the judgment.*

DECIDED MARCH 7, 2005.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, C. Lance Cross, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.