A05A0920. CURRY v. THE STATE.
(616 SE2d 225)

JOHNSON, Presiding Judge.

On September 30, 2003, Jermaine Curry pled guilty in the Monroe County Superior Court to robbery by intimidation and theft by receiving stolen property pursuant to a negotiated plea agreement. That same day, the trial court sentenced Curry to serve ten years in confinement for each offense, with the sentences to run concurrently. Almost a year later, on September 8, 2004, Curry filed a motion to withdraw his guilty plea on the ground of ineffective assistance of counsel. The trial court denied the motion. Curry appeals.

"It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea."[1] In the instant case, Curry pled guilty and was sentenced during the August 2003 term of Monroe County Superior Court.[2] That term of court had expired, as had three subsequent terms of court, before Curry filed his motion to withdraw his guilty plea during the August 2004 term of court.[3] Because Curry filed his motion after the term of court in which

---

[1] (Citation omitted.) *Rice v. State*, 277 Ga. 649 (594 SE2d 335) (2004).
[2] OCGA § 15-6-3 (40.1) (C).
[3] Id.

he was sentenced had expired, the trial court lacks jurisdiction to allow the withdrawal of his plea.

Under these circumstances, Curry's only available means to withdraw his guilty plea is through habeas corpus proceedings.[4] Curry's motion to withdraw his guilty plea, however, cannot be construed to be a habeas corpus petition because it was filed in the county where he was convicted rather than against the warden in the county where he is incarcerated.[5] The trial court therefore did not err in denying Curry's untimely motion to withdraw his guilty plea.[6]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JUNE 23, 2005.

Jermaine Curry, *pro se.*

Richard G. Milam, *District Attorney,* Jason S. Johnston, *Assistant District Attorney,* for appellee.

---

[4] *Rice,* supra.
[5] *Deloach v. State,* 267 Ga. App. 472 (600 SE2d 414) (2004).
[6] See *Rice,* supra.