[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2005
THOMAS K. KAHN
CLERK

No. 05-10515
Non-Argument Calendar

_____

D. C. Docket No. 04-00097-CV-CDL-4

GEORGE BERNARD COLBERT,

Petitioner-Appellant,

versus

FREDERICK HEAD,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 16, 2005)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

George Bernard Colbert, a Georgia prisoner who is serving a total 18-year sentence for kidnaping, aggravated assault, armed robbery, and theft by taking, appeals pro se the district court's dismissal as time-barred of his pro se petition for habeas relief, filed pursuant to 28 U.S.C. § 2254. Because Colbert filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), its provisions govern this appeal. Colbert argues on appeal that the court erred in concluding that his petition was time-barred. For the reasons set forth more fully below, we affirm.

On August 4, 2004, Colbert filed the instant pro se § 2254 petition, asserting that (1) his guilty plea was not knowing and voluntary; and (2) he was the victim of prosecutorial misconduct. The state responded by filing a motion to dismiss Colbert's § 2254 petition as untimely under § 2244(d)(1). The state argued in support of its dismissal motion that Colbert had not filed his § 2254 petition within one year of his conviction becoming final on December 27, 2001.

The state also filed exhibits reflecting the following procedural history. On November 26, 2001, Colbert appeared with trial counsel in Muscogee County Superior Court, Georgia, for a jury trial on the above-referenced offenses. On November 27, 2001, at the conclusion of the state's case, Colbert plead guilty as

2

charged.  That same day, the state court accepted Colbert's plea of guilty and imposed a total sentence of 18 years' imprisonment.  The parties agree that Colbert did not directly appeal his judgment of conviction.  Instead, on August 19, 2002, Colbert filed a state habeas corpus petition.  On September 30, 2003, the state court denied this petition.  Moreover, on March 1, 2004, the Georgia Supreme Court denied Colbert's application for a Certificate of Probable Cause ("CPC").

The magistrate judge entered a report, recommending that the district court grant the state's motion to dismiss as time-barred Colbert's § 2254 petition.  The magistrate explained in this report that Colbert's August 2002 state habeas petition had tolled the time that Colbert had for filing his § 2254 petition.  However, by the date that Colbert filed this tolling state habeas petition, 235 days already had run from December 27, 2001—the date when Colbert's time had expired for filing a direct appeal of his conviction, and his conviction, therefore, had become final.  Thus, when Colbert filed this tolling petition, he only had 130 days remaining in which to file a federal habeas petition.  The magistrate further determined that this tolling period stopped on March 1, 2004, when the Georgia Supreme Court denied Colbert's CPC.  The magistrate concluded that, because Colbert did not file his § 2254 petition until 156 days after March 1, 2004, that is, August 4, 2004, it was filed more than 365 days after his judgment of conviction had become final and,

3

thus, was time-barred under § 2244(d)(1).

Colbert objected to this report, arguing that his § 2254 petition was not time-barred because, on December 13, 2001, he filed in state court a motion to withdraw his plea, which was another state post-conviction pleading that had tolled his time for filing a § 2254 petition. Colbert further asserted that (1) the state court did not deny this motion to withdraw until March 6, 2003; (2) he appealed this denial on May 6, 2003; (3) the Georgia Court of Appeals denied this appeal on November 6, 2003; and (4) the Georgia Supreme Court denied him a writ of certiorari on December 31, 2003. Based on these facts, Colbert concluded that he filed his § 2254 petition after only 156 days of his limitations period had expired.[1]

Adopting the magistrate's recommendation, the court granted the state's motion to dismiss as untimely Colbert's § 2254 petition. The court acknowledged that Colbert was arguing that his motion to withdraw his plea had tolled the time he had for filing his § 2254 petition. Moreover, the court, at least implicitly, assumed that this motion to withdraw his plea was an "application for State post-conviction or other collateral review," as defined in § 2244(d)(2). The court, however,

---

[1] Colbert attached to his objection copies of the state appellate decisions denying his appeal of his motion to withdraw his plea and his request for a CPC. The opinion denying his appeal of his motion to withdraw his appeal specifically included as reasons for its denial that (1) Colbert's appeal brief was inadequate, and (2) the court's independent review of the record had revealed that Colbert's plea was knowing and voluntary.

4

determined that Colbert's "tardy motion to withdraw a guilty plea after judgment ha[d] been pronounced" was not "a properly filed application." The court concluded, as such, that the motion did not toll the statute of limitations.

Colbert filed a timely notice of appeal ("NOA") of this dismissal order. The district court, after construing this NOA as a motion for a certificate of appealability ("COA"), denied it. We, however, granted COA as to the following issue: "whether the district court erred in dismissing appellant's 28 U.S.C. § 2254 petition as time-barred."

As discussed above, Colbert is arguing on appeal that the district court erred in dismissing his § 2254 petition as time-barred. Colbert contends that his properly filed motion to withdraw his plea was an application for state post-conviction relief that had tolled his statute-of-limitations period from December 13, 2001, until March 1, 2004. Moreover, as evidence that this filing was proper, Colbert cites to the fact that the state court accepted, and ruled on the merits of, his motion to withdraw his plea.

We review de novo a district court's determination that a § 2254 petition is time-barred under the AEDPA. Wade v. Battle, 379 F.3d 1254, 1259 n.5 (11th Cir. 2004). The AEDPA imposes a one-year limitations period on all habeas corpus petitions, which, in this case, began running on December 27, 2001, the expiration

5

of the time Colbert had to file a direct appeal from his judgment of conviction. See

28 U.S.C. § 2244(d)(1)(A) (measuring this one-year period from "the date on

which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review); O.C.G.A. § 5-6-38 (NOA must be

filed within 30 days of the court's entry of judgment). Thus, under this provision,

Colbert presumptively only had until December 27, 2002, for filing a § 2254

petition. Colbert did not file the instant § 2254 petition until August 4, 2004.

Pursuant to 28 U.S.C. § 2244(d)(2), however, "[t]he time during which a

properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward

any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). On

August 19, 2002, 235 days after this one-year time period had begun running,

Colbert filed a timely state habeas corpus petition. This petition was denied on

September 30, 2003. Moreover, on March 1, 2004, the Georgia Supreme Court

denied Colbert's application for a CPC. Thus, under § 2244(d)(2), Colbert's

remaining 130 days to file his § 2254 petition was tolled until March 1, 2004. See

28 U.S.C. § 2244(d)(2). Colbert, however, did not file his § 2254 petition until

August 4, 2004, which was 26 days after his total one-year period had expired.

Accordingly, Colbert's § 2254 petition was time-barred unless his time for filing

6

this petition also was tolled by his filing of his motion to withdraw his guilty plea.[2]

As a preliminary matter, although not addressed by the district court, whether the tolling provisions in § 2244(d)(2) were applicable to Colbert's motion to withdraw his guilty plea turns, in part, on whether this motion was "an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." In Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002), we explained that § 2244(d)(2) "does not limit tolling solely to collateral attacks which contain federally cognizable claims. Rather, the statute specifically provides tolling for any post-conviction petition for relief with respect to the pertinent judgment." Id. at 1038. We also have explained that a § 2244(d)(2) application "must set forth the grounds upon which it is based, and must state the relief desired; it must attack collaterally the relevant conviction or sentence." Sibley v. Culliver, 377 F.3d 1196, 1200 (11th Cir. 2004) (quoting Voravongsa v. Wall, 349 F.3d 1, 6 (1st Cir. 2003), cert. denied, 541 U.S. 963 (2004)).

We have not specifically addressed whether a motion to withdraw a guilty plea that is filed in a Georgia state court after sentencing is "an application" for

---

[2] In addition to the statutory exception to the limitations period for filing § 2254 petitions, we have recognized that equitable tolling of this limitations period also is warranted "in rare instances." See Diaz v. Sec'y for Dept. of Corrections, 362 F.3d 698, 700 (11th Cir. 2004). Nevertheless, because neither party has argued this exception, and it is not included within Colbert's COA, we need not determine its applicability in the instant case. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) ("appellate review is limited to the issues specified in the COA").

purposes of § 2244(d)(2).  Applying the analysis discussed above, however, Colbert was seeking relief from his conviction through his motion to withdraw his guilty plea.  Moreover, as discussed below, Georgia law provides for such collateral relief, albeit under limited circumstances.  See Dalton v. State, 534 S.E.2d 523, 526 (Ga. Ct. App. 2000) (explaining that, even after sentencing, the trial court has the discretion to allow the withdrawal of a plea).  Thus, Colbert's motion to withdraw his plea arguably was a § 2244(d)(2) "application."  Cf. Estes v. Chapman, 382 F.3d 1237, 1241 n.8 (11th. Cir. 2004) (rejecting argument that a motion to vacate was not a collateral challenge and, therefore, did not fall under § 2244(d)(2)'s tolling provisions, because the state cited no authority for this proposition, and because it was clear under Georgia law that a void judgment could be set aside in post-conviction proceedings).[3]

Regardless, we need not decide this issue because, assuming, as the district court appears to have done, that Colbert's motion to withdraw his plea was "an application" as defined by § 2244(d)(2), his motion was not "properly filed."

---

[3] As persuasive authority, the Tenth Circuit in York v. Galetka, 314 F.3d 522 (10th Cir. 2003), concluded that the defendant's motion to set aside his guilty plea should be treated as part of the state collateral review process for purposes of the AEDPA's timeliness calculation.  See id. at 527.  The Tenth Circuit explained that, although a motion to withdraw a guilty plea typically is considered part of the direct-appeal process, the defendant did not bring his motion until nearly 12 years after he was convicted, he had filed multiple habeas proceedings before filing his motion to withdraw, and the state court had characterized his motion as a post-conviction proceeding.  See id. at 526-27.

"Where the petition is not 'properly filed' there is no tolling of the one[-]year limitations period." Sibley, 377 F.3d at 1202 (quotation omitted). The Supreme Court has determined that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) (emphasis in original).

The Supreme Court also recently has explained as follows:

> [W]e are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception. The purpose of [the] AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

Pace v. Diguglielmo, ___ U.S. ___, 125 S.Ct. 1807, 1811-12, 161 L.Ed.2d 669 (2005) (internal quotations omitted). Thus, the Supreme Court concluded in Pace that, under the AEDPA, "time limits, no matter their form, are 'filing' conditions." Id. at ___, 125 S.Ct. at 1814.

In interpreting Artuz, we have concluded that we must give "due deference" to state procedural rules governing whether a § 2244(d)(2) application is "properly

9

filed," with the caveat that the state rule be "firmly established and regularly followed." Wade, 379 F.3d at 1259-60. In Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003), we examined whether § 2244(d)(2)'s tolling provisions were applicable when a state habeas court had found that the petitioner's application for habeas relief was precluded by a state statute of limitations. Id. at 1021. We discussed that:

> The aims of comity and federalism that animate both AEDPA and the doctrine of procedural default favor deference toward state procedural rules only when their consistent application demonstrates the state's real reliance on them as a means to the orderly administration of justice.

Id. at 1025. Thus, after determining that the state rule at issue was not 'firmly established and regularly followed' at the time of the petitioner's state habeas filing, we concluded in Siebert that the rule should not be given deference. Id. at 1025-29.

Under Georgia law, a defendant may withdraw a guilty plea as a matter of right before his or her sentence is pronounced. O.C.G.A. § 17-7-93(b). Moreover, as discussed above, even after sentencing, the trial court has the discretion to allow the withdrawal of a plea. Dalton, 534 S.E.2d at 526. However, "[i]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea[,] the trial court lacks jurisdiction to allow the withdrawal

10

of the plea." Davis v. State, 561 S.E.2d 119, 119 (Ga. 2002). In that scenario, the only means available to a defendant to withdraw his guilty plea is through habeas corpus proceedings. Id. at 119-20. In addition, if the trial court has no jurisdiction to hear a matter, neither the state nor the defendant has the power or right to relax those jurisdictional rules so as to have the matter heard. See Rodericus v. State, 605 S.E.2d 81, 83 (Ga. Ct. App. 2004) (concluding that habeas court's transfer of an appeal to the trial court to hear and decide the petitioner's out-of-time motion to withdraw his guilty plea was void as an unauthorized exercise of authority).

In the instant case, a state court in Muscogee County, Georgia, accepted Colbert's guilty plea and sentenced him on November 27, 2001. Colbert did not file his motion to withdraw his guilty plea until December 13, 2001. Muscogee County has six terms of court, beginning on the first Monday in February, April, June, August, October, and December. See O.C.G.A. § 15-6-3(8)(D) (schedule for Chattahoochee Circuit). Thus, Colbert did not file his motion to withdraw his plea until after term of court in which his plea was accepted and his sentenced had expired. The state trial court, therefore, had no jurisdiction to allow the withdrawal of the plea," and Colbert's only means to obtain this relief was through habeas corpus proceedings. See Davis, 561 S.E.2d at 119-20.

To the extent Colbert is arguing that, despite this state jurisdictional

11

limitation, we should conclude that his motion to withdraw was properly filed because the state trial court accepted it for filing and ruled on its merits, due deference is not applicable in this case. As discussed above, "[i]t is well settled that" the state court lacked jurisdiction to withdraw a guilty plea after the October term of court has expired, see id. at 119, and neither the state nor the defendant had the power or right to relax those jurisdictional rules so as to have the matter heard, see Rodericus, 605 S.E.2d at 83.[4] Indeed, the Supreme Court in Artuz noted, albeit as dicta, that:

> If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be pending, but not properly filed.

See Artuz, 531 U.S. at 9, 121 S.Ct. at 364 (emphasis in original); see also Wade, 379 F.3d at 1264 n.10 (citing in part to this dicta from Artuz in rejecting the petitioner's argument that his application was "properly filed" because the Clerk of the Georgia Supreme Court docketed his CPC application). Because the state court lacked jurisdiction to grant Colbert the relief sought in his motion to withdraw, the

---

[4] Unlike the facts in Siebert, neither party is contending that Georgia law was not settled on when a state trial court has jurisdiction to grant a motion to withdraw when Colbert filed his motion, but was settled by the time he was arguing his § 2254 petition. See Siebert, 334 F.3d at 1025 (holding that "a rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for purpose of AEDPA's tolling provision"); see also Estes, 382 F.3d at 1239 n.3 (declining to address the import of a state decision for tolling purposes because the decision was decided after the petitioner filed his application for post-conviction relief).

12

state court's determination of the motion's merits was not in accordance with a rule that was 'firmly established and regularly followed,' and, thus, is not due deference in determining whether Colbert's motion was "properly filed" for purposes of § 2244(d)(2)'s tolling provisions. See Siebert, 334 F.3d at 1025.[5]

Accordingly, we conclude that Colbert's untimely motion to withdraw his plea of guilty was not a "properly filed" application for state post-conviction relief that tolled the one-year time period for filing a § 2254 petition. See Pace, ___ U.S. at ___, 125 S.Ct. at 1814; see also Sibley, 377 F.3d at 1202. The district court, therefore, did not err in dismissing as time-barred Colbert's § 2254 petition. We, therefore, affirm.

**AFFIRMED.**

---

[5] To the extent Colbert is arguing that he reasonably relied on the court's filing of his motion to withdraw his plea, the Supreme Court recently explained in Pace that a "'petitioner trying in good faith to exhaust state remedies [who] may litigate in state court for years only to find out at the end that he was never 'properly filed' and thus that his federal habeas petition is time barred[,]" may avoid this predicament by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Pace, ___ U.S. at ___, 125 S.Ct. at 1813. The Pace Court further explained that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." See id.

13