## A05A2318. KUNTZ v. THE STATE.
### (623 SE2d 684)

ADAMS, Judge.

Ron Kuntz entered a negotiated guilty plea to charges of armed robbery, false imprisonment, theft by taking, two counts of false imprisonment and two counts of aggravated assault. The trial court merged the aggravated assault charges with the armed robbery charge, and sentenced Kuntz on the remaining charges to ten years to serve, concurrent on each count, to also run concurrently with a federal prison sentence. Additionally, Kuntz was given credit for time served back to March 3, 1998. A few weeks later, on August 19, 2002, and pursuant to Kuntz's pro se motion, the court modified the sentence to also provide that Kuntz was to be delivered to federal authorities within ten days.

Kuntz filed a motion to modify his sentence on January 9, 2003, noting that he had not been released to federal custody and seeking to have his sentence modified to "10 years[,] serve 5 years, time served." The trial court granted Kuntz's motion on March 10, 2003.

On April 15, 2003, Kuntz filed another motion to modify his sentence. On May 2, 2003, Kuntz filed a motion to modify his sentence or withdraw his guilty plea. Kuntz filed an expanded motion on June 4, 2003. The trial court denied Kuntz's motion, and this appeal followed.

Kuntz enumerates as error the denial of his motion to modify/withdraw his guilty plea, arguing that he should be allowed to withdraw his plea because the terms of his plea agreement have not been met

---

since he has not been able to serve his sentence in a federal prison. Kuntz also assigns error to the trial court's failure to enforce the March 10, 2003 order granting his motion to modify sentence.

This Court recently considered a similar case in which the defendant filed a motion to amend his sentence or withdraw his guilty plea after it became apparent that he would not be allowed to serve his sentence in federal custody pursuant to the terms of a negotiated plea as long as he remained in state custody and was serving a state prison sentence. *State v. Manders*, 271 Ga. App. 315, 316 (609 SE2d 658) (2005). In that case, we reversed the trial court's grant of the motion to withdraw the plea because

> [i]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea. Therefore, the only means available to challenge the validity of the guilty plea is through habeas corpus proceedings. A petition for habeas corpus must be filed against the warden in the superior court of the county where a prisoner is incarcerated rather than in the county in which he was convicted. *Deloach v. State*[, 267 Ga. App. 472 (600 SE2d 414) (2004)].

*State v. Manders*, 271 Ga. App. at 316.

In this case, Kuntz was sentenced in the Superior Court of Fulton County. That court has six two-month terms, with a new term beginning on the first Monday in January, March, May, July, September and November. OCGA § 15-6-3 (3). Kuntz was sentenced during the July 2002 term, but his motions to withdraw his guilty plea were not filed until May 2, 2003 and June 4, 2003, during the May 2003 term of Court. Thus, at the time he filed his motion to withdraw his plea, the only means available for Kuntz to challenge his plea was through a petition for writ of habeas corpus, filed against the warden in the superior court of the county where he was incarcerated.[1] The trial court thus properly denied Kuntz's motions.

Kuntz also assigns error to the trial court's failure to enforce the March 10, 2003 order granting his motion to modify his sentence. Absent statutory authority, a sentencing court has no power to modify a valid sentence of imprisonment after the term of court in which it was imposed has passed. *Reynolds v. State*, 272 Ga. App. 91, 93 (1)

---

[1] At the time he filed his motions, it appears from the record that Kuntz was incarcerated in Macon State Prison in Oglethorpe.

(611 SE2d 750) (2005). Although statutory authority allowing modification of a felony sentence "[w]ithin one year of the date upon which the sentence is imposed" is now provided in OCGA § 17-10-1 (f), that section also specifically provides "[a]ny order modifying a sentence which is entered without notice and an opportunity for a hearing [to the prosecuting attorney] *shall be void*." (Emphasis supplied.) Although Kuntz states in his brief on appeal that the March order modifying his sentence was entered without a hearing, we cannot ascertain from the record before us whether the order was entered without notice and an *opportunity* to be heard by the prosecuting attorney. Moreover, it does not appear that Kuntz has sought any ruling from the trial court on the effect, validity and enforcement of this order. " 'Appellate courts exist to review asserted error but where the defendant . . . obtains no ruling of the trial court, the contended problem cannot be made the basis of appellate review as there is no ruling to review.' " (Citation omitted.) *Alewine v. State*, 273 Ga. App. 629, 632 (2) (616 SE2d 472) (2005). This issue, therefore, has not been properly brought before this Court for consideration.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 2005.

*Katrina L. Breeding*, for appellant.

*Paul L. Howard, Jr., District Attorney, Thomas D. Lyles, Christopher M. Quinn, Assistant District Attorneys*, for appellee.