A06A0450. THOMPSON v. THE STATE.
(631 SE2d 422)

SMITH, Presiding Judge.

This is a pro se appeal by Thor Thompson from an order of the trial court denying his "Motion for Modification of the Sentence or Withdrawal of the Guilty Plea." For the reasons that follow, we affirm.

Thompson was sentenced to 20 years with 15 years to serve for several counts of burglary, when he and others escaped from prison but were subsequently captured. Thompson was then charged in two indictments with several offenses committed during his escape. He pled guilty to some of the crimes and was sentenced to a total of 40 years to serve. Since Thompson's sentencing in 1992, he has filed various motions to withdraw his guilty plea or to "correct void sentences." He now appeals the denial of his most recent motion for "Modification of the Sentence or Withdrawal of the Guilty Plea."

1. In four enumerations, Thompson argues that he is entitled to withdraw his guilty plea because (1) his sentence was in violation of a plea agreement, (2) the trial court erred in failing to inform him that

it intended to reject the sentence recommendation, and (3) his guilty plea was not entered into voluntarily. We need not address these contentions on their merits, because "[i]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." (Citation and punctuation omitted.) *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002). Thompson was sentenced during the January 1992 term of court and filed this motion to withdraw his guilty plea in 2005, more than ten years past the expiration of the January 1992 term of court. See OCGA § 15-6-3 (21) (terms of court for Houston County Superior Court). The trial court therefore properly denied his motion on this ground. See *Curry v. State*, 274 Ga. App. 19, 19-20 (616 SE2d 225) (2005).

2. Thompson also contends that his sentence was void and illegal. "A void sentence results if the court imposes punishment that the law does not allow." (Citation, punctuation and footnote omitted.) *Dowling v. State*, 278 Ga. App. 903 (630 SE2d 143) (2006); *Hughes v. State*, 273 Ga. App. 705 (615 SE2d 819) (2005). Thompson appears to argue that the court erred in not specifying that his 40-year sentence was to run concurrently with the 15-year sentence he was serving prior to his escape. There is nothing in the record, however, showing that the court sentenced Thompson to 40 years to serve consecutive to the 15 years he was serving for burglary. In any case, the trial court would have been authorized to do so, as the original burglary indictment involved a separate and distinct crime from those crimes charged in the indictments following Thompson's escape. See *Woodson v. State*, 268 Ga. App. 731, 732 (605 SE2d 822) (2004); see also *Jones v. State*, 271 Ga. App. 830, 831 (610 SE2d 570) (2005). As Thompson has not shown that the trial court imposed punishment that the law does not allow, this argument is without merit. The trial court therefore did not err in denying Thompson's motion.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MAY 12, 2006.

Thor Thompson, *pro se.*
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney,* for appellee.