## A11A0898. WEST v. THE STATE.

(716 SE2d 727)

MILLER, Presiding Judge.

Jarvis West appeals from the trial court's order denying his motion to withdraw his guilty plea. Since West's motion was untimely filed, the trial court lacked jurisdiction to grant the requested relief. Therefore, the denial of the motion was proper, and we affirm.

The record shows that on August 7, 2009, West entered a negotiated guilty plea to burglary. The trial court entered a judgment of conviction and sentence on August 12, 2009. Approximately one year later, on August 3, 2010, West filed a pro se motion to withdraw his guilty plea. Following a hearing, the trial court denied the motion, from which West appeals.

The denial of West's motion was required since it was filed

untimely.[1] "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction to allow the withdrawal of the plea." (Punctuation and footnote omitted.) *Curry v. State*, 274 Ga. App. 19 (616 SE2d 225) (2005). See also *McKiernan v. State*, 286 Ga. 756, 757 (692 SE2d 340) (2010) ("[T]he trial court loses jurisdiction if the motion to withdraw the plea is not made within the term in which the plea is entered and the defendant sentenced.").[2] Here, West pled guilty and was sentenced during the trial court's August 2009 term of court.[3] That term had expired before West filed his motion to withdraw his guilty plea on August 3, 2010. Consequently, the trial court lacked jurisdiction to allow the withdrawal of his plea. See *Richardson v. State*, 306 Ga. App. 269 (1) (701 SE2d 908) (2010); *Curry*, supra, 274 Ga. App. at 19-20.

> Under these circumstances, [West's] only available means to withdraw his guilty plea is through habeas corpus proceedings. [West's] motion to withdraw his guilty plea, however, cannot be construed to be a habeas corpus petition because it was filed in the county where he was convicted rather than against the warden in the county where he is incarcerated. The trial court therefore did not err in denying [West's] untimely motion to withdraw his guilty plea.

(Footnotes omitted.) *Curry*, supra, 274 Ga. App. at 20.
*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED AUGUST 26, 2011.

*Stephen G. Adkins*, for appellant.

---

[1] We note that the trial court erroneously considered and denied West's motion on its substantive merits. As explained herein, the trial court should have denied the motion as untimely. Nevertheless, we will affirm the trial court's decision when it is right for any reason. See *Mathis v. State*, 279 Ga. 100, 102 (3) (a) (610 SE2d 62) (2005); *Volz v. State*, 306 Ga. App. 763, 766 (703 SE2d 354) (2010).

[2] "An exception exists if a defendant challenges a void sentence[.] . . . In that case, the defendant may withdraw his guilty plea as of right, even following the expiration of the term of court in which the void sentence was pronounced." (Citation and punctuation omitted.) *Spencer v. State*, 309 Ga. App. 630 (2) (710 SE2d 837) (2011). See also *Kaiser v. State*, 285 Ga. App. 63, 68-69 (1) (646 SE2d 84) (2007). The exception is inapplicable here, however, since West does not contend that his sentence was void.

[3] The terms of court for the Superior Court of Colquitt County commence on the first Monday in February and August. See OCGA § 15-6-3 (35) (B).

J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney, for appellee.